Elijah M. Watkins, ISB No. 8977
Email: elijah.watkins@stoel.com
Andrea Carone, ISB No. 10344
Email: andrea.carone@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000
Facsimile: 208.389.9040

Tom M. Dees, III (*pro hac vice pending*)
Texas Bar No. 24034412
Email: tdees@hallettperrin.com
Katrisha L. Shirley (*pro hac vice pending*)
Texas Bar No. 24098422
Email: kshirley@hallettperrin.com
HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, TX 75202
Telephone: 214.953.0053
Facsimile: 214.922.4142

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ESI PIPELINE SERVICES, INC. d/b/a OZZIE'S PIPELINE PADDER f/k/a OZZIE'S PIPELINE PADDER, INC., A DIVISION OF ESI PIPELINE SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>IM SERVICES GROUP, LLC,<br><br>Defendant. | Case No.<br><br><br>**PLAINTIFF'S ORIGINAL COMPLAINT** |

Plaintiff ESI Pipeline Services, Inc. d/b/a Ozzie's Pipeline Padder (f/k/a Ozzie's Pipeline Padder, Inc., a division of ESI Energy Services, Inc.) ("***Ozzie's***") files this Original Complaint against Defendant IM Services Group, LLC, and alleges as follows:

PLAINTIFF'S ORIGINAL COMPLAINT - 1

## I.    PRELIMINARY STATEMENT

Ozzie's files this lawsuit against Defendant IM Services Group, LLC ("*IMSG*") seeking $509,696.42 (which includes interest through May 31, 2021), plus additional interest, attorneys' fees, costs, and expenses, for equipment, materials, and services Ozzie's provided to IMSG pursuant to ten contracts (governed by Arizona law) and numerous invoices relating to six IMSG projects in four states.  Despite a continuing business relationship and binding agreements between the parties, and despite Ozzie's numerous attempts to resolve this dispute without the need for court intervention, IMSG refuses to pay Ozzie's for the equipment, materials, and services Ozzie's provided to IMSG.  Accordingly, Ozzie's brings this civil action against IMSG asserting claims for breach of contract and suit on sworn (or open) account, and, alternatively, for unjust enrichment and quantum meruit.  Ozzie's (a Delaware corporation) files this single lawsuit against IMSG (a Georgia limited liability company) in this Court for efficiency and because IMSG's principal place of business is located in Idaho.

## II.    PARTIES

1.    Plaintiff Ozzie's is a corporation that is organized under the laws of Delaware.

2.    Defendant IMSG is a limited liability company organized under the laws of Georgia with its principal place of business located in Idaho.  IMSG's primary registered office is located at 5418 N. Eagle Road, Boise, Idaho 83713.  Under Federal Rule of Civil Procedure 4(h)(1)(B), IMSG can be served with process by delivering a copy of the Summons and this Complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process at its primary registered office, including its Registered Agent Sabatha Kelsey, located at 5418 N. Eagle Road, Boise, Idaho 83713, or wherever they may be found.

### III.    JURISDICTION AND VENUE

3.    Pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction over the claims and causes of action in this lawsuit because Ozzie's and IMSG are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs.

4.    Pursuant to 28 U.S.C. § 1391(b)(1) and Idaho Code § 5-514, venue is proper in this district because IMSG's principal place of business is located at 5418 N. Eagle Road, Boise, Idaho 83713.

### IV.    CONDITIONS PRECEDENT

5.    Pursuant to Federal Rule of Civil Procedure 9(c), Ozzie's has successfully performed, tendered performance, or was excused from performing all of its obligations, and all conditions precedent necessary for Ozzie's to recover its damages through this lawsuit.  Despite Ozzie's performance, IMSG has failed to honor its contractual and other material obligations, which has caused Ozzie's to suffer damages and file this civil action.

### V.    OZZIE'S APPENDIX TO PLAINTIFF'S ORIGINAL COMPLAINT

6.    Attached to this Original Complaint is Ozzie's Appendix with which Ozzie's attaches the Affidavit of Christopher Argue (Ozzie's Vice-President and Chief Operating Officer), ten contracts, numerous invoices, a payment plan, and a summary of IMSG's account with Ozzie's all of which Ozzie's hereby incorporates by reference as fully stated herein.

### VI.    FACTS

A.    BACKGROUND ABOUT OZZIE'S

7.    Ozzie's pioneered the concept of mechanical backfill separation (or mechanical padding) whereby excavated soil (usually from trenches or ditches dug to contain underground pipeline, cable, or conduit) is screened by a machine (a padding machine) to remove potentially

PLAINTIFF'S ORIGINAL COMPLAINT - 3

damaging materials from the native soil before the soil is returned to the trench or ditch as backfill, which is placed under, on, and around pipeline, cable, or conduit to hold it in place and protect it.[1]

8.      Ozzie's padding machines utilize vibrating screens to eliminate over-sized materials, rocks, cobbles, hard lumps, debris, and other hard materials which could be harmful to underground pipeline, cable, or conduit from the native soil to produce backfill.[2]

9.      The benefit of mechanical backfill separation is that it produces only non-damaging soil of a consistent selected particle size to use as backfill to achieve optimal soil compaction and maximum replacement of soil to protect and secure (and reduce damage to) underground pipeline, cable, and conduit.[3]

10.     Ozzie's padding machines are used to backfill various kinds of pipeline, utility cable, and fiber optic cable as well as wind farm and solar cable and conduit.  Ozzie's provides goods, materials, and services to its customers, including padding machines, operator training, and qualified operators.[4]

11.     On information and belief, IMSG is an engineering and integration services company specializing in planning, design, construction, management, installation, implementation and operation of telecommunication, facilities and energy systems.[5]

**B.     THE RENTAL CONTRACTS**

12.     Beginning in or around April 2020, IMSG entered into ten contracts with Ozzie's related to six IMSG projects.[6]

---

[1] Appendix to Plaintiff's Original Complaint ("***APP***") at 002, Exhibit A, Affidavit of Christopher Argue ("***Argue Aff.***") at ¶ 3.
[2] APP 002, Argue Aff. at ¶ 4.
[3] APP 002, Argue Aff. at ¶ 5.
[4] APP 003, Argue Aff. at ¶ 6.
[5] APP 003, Argue Aff. at ¶ 7; *see also* https://imservices.net/about/.
[6] APP 003, Argue Aff. at ¶ 8.

PLAINTIFF'S ORIGINAL COMPLAINT - 4

(1)    **Project 1:  The Titan/Aragorn Solar Project.**

(i)    *Contract 1:  The 046 Contract.*

13.    Effective on or about April 30, 2020, Ozzie's entered into the first contract (the "***046 Contract***") with IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Allu DH3-17TS padding bucket, in connection with IMSG's Titan/Aragorn Solar Project, in exchange for monthly rental payments of $8,500 plus related expenses.  A true and correct copy of the 046 Contract is attached hereto as **Exhibit A-1** (APP 046 – APP 061), and is incorporated herein by reference.  The goods, materials, and services Ozzie's provided to IMSG are set forth in the 046 Contract and in the invoices Ozzie's sent to IMSG, which form the basis of this action.  A true and correct copy of the invoices Ozzie's sent to IMSG pursuant to the 046 Contract is attached hereto as **Exhibits A-2 through A-9** (APP 062 – APP 077), and incorporated herein by reference.   Additionally, the amount IMSG owes Ozzie's continues to increase as interest accrues monthly at a rate of 1.5% on the outstanding past-due balance at the end of every month after payment is not made within thirty days from the invoice date, consistent with Section 1.7 of the 046 Contract.  **Exhibit A-1** (APP 048).[7]

(ii)    *Contract 2:  The 053 Contract.*

14.    Effective on or about May 11, 2020, Ozzie's entered into a second contract (the "***053 Contract***") with IMSG related to the Titan/Aragorn Solar Project to provide IMSG with goods, materials, and pipeline padding services, including one Allu DN2-12 TS padding bucket, in exchange for monthly rental payments of $5,500 plus related expenses.  A true and correct copy of the 053 Contract is attached hereto as **Exhibit A-10** (APP 078 – APP 088), and is incorporated herein by reference.  The goods, materials, and services Ozzie's provided to IMSG are set forth in

---

[7] APP 003, Argue Aff. at ¶ 9.

the 053 Contract and in the invoices Ozzie's sent to IMSG, which form the basis of this action.  A true and correct copy of the invoices Ozzie's sent to IMSG pursuant to the 053 Contract is attached hereto as **Exhibits A-2 through A-9** (APP 062 – APP 077), and is hereby incorporated herein by reference.   Additionally, the amount IMSG owes Ozzie's continues to increase as interest accrues monthly at a rate of 1.5% on the outstanding past-due balance at the end of every month after payment is not made within thirty days from the invoice date, consistent with Section 1.7 of the 053 Contract.  **Exhibit A-10** (APP 080)[8]

> ### *(iii)      Contract 3:  The 072 Contract.*

15.      Effective on or about June 15, 2020, Ozzie's entered into a third contract (the "***072 Contract***") with IMSG related to the Titan/Aragorn Solar Project to provide IMSG with goods, materials, and pipeline padding services, including one Allu DH3-17TS padding bucket, in exchange for monthly rental payments of $8,500 plus related expenses.  A true and correct copy of the 072 Contract is attached hereto as **Exhibit A-11** (APP 089 – APP 099), and is incorporated herein by reference.  The goods, materials, and services Ozzie's provided to IMSG are set forth in the 072 Contract and in the invoices Ozzie's sent to IMSG, which form the basis of this action.  A true and correct copy of the invoices Ozzie's sent to IMSG pursuant to the 072 Contract is attached hereto as **Exhibits A-12 through A-18** (APP 100 – APP 113), and is hereby incorporated herein by reference.    Additionally, the amount IMSG owes Ozzie's continues to increase as interest accrues monthly at a rate of 1.5% on the outstanding past-due balance at the end of every month after payment is not made within thirty days from the invoice date, consistent with Section 1.7 of the 072 Contract.  **Exhibit A-11** (APP 091).[9]

---

[8] APP 004, Argue Aff. at ¶ 10.
[9] APP 004 – APP 005, Argue Aff. at ¶ 11.

**(2)**   **Project 2:  The Permian Solar Project.**

      **(i)**   ***Contract 4:  The 056 Contract.***

16.    Effective on or about May 14, 2020, Ozzie's entered into a contract (the "***056 Contract***") with IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Allu DN3-12TS padding bucket, in connection with IMSG's Permian Solar Project, in exchange for monthly rental payments of $7,500 plus related expenses.  A true and correct copy of the 056 Contract is attached hereto as **Exhibit A-19** (APP 114 – APP 124), and is incorporated herein by reference.  The goods, materials, and services Ozzie's provided to IMSG are set forth in the 056 Contract and in the invoices Ozzie's sent to IMSG, which form the basis of this action.  A true and correct copy of the invoices Ozzie's sent to IMSG pursuant to the 056 Contract is attached hereto as **Exhibits A-20 through A-27** (APP 124 – APP 140), and incorporated herein by reference.   Additionally, the amount IMSG owes Ozzie's continues to increase as interest accrues monthly at a rate of 1.5% on the outstanding past-due balance at the end of every month after payment is not made within thirty days from the invoice date, consistent with Section 1.7 of the 056 Contract.  **Exhibit A-19** (APP 116).[10]

**(3)**   **Project 3:  The Saint Solar Project.**

      **(i)**   ***Contract 5:  The 073 Contract.***

17.    Effective on or about June 18, 2020, Ozzie's entered into a contract (the "***073 Contract***") with IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Mini-Padder backfill separation machine, in connection with IMSG's Saint Solar Project, in exchange for monthly rental payments of $15,500 plus related expenses.  A true and correct copy of the 073 Contract is attached hereto as **Exhibit A-28** (APP 141 – APP 151), and is

---

[10] APP 005, Argue Aff. at ¶ 12.

incorporated herein by reference.  The goods, materials, and services Ozzie's provided to IMSG are set forth in the 073 Contract and in the invoices Ozzie's sent to IMSG, which form the basis of this action.  A true and correct copy of the invoices Ozzie's sent to IMSG pursuant to the 073 Contract is attached hereto as **Exhibits A-29 through A-32** (APP 151 – APP 159), and incorporated herein by reference.   Additionally, the amount IMSG owes Ozzie's continues to increase as interest accrues monthly at a rate of 1.5% on the outstanding past-due balance at the end of every month after payment is not made within thirty days from the invoice date, consistent with Section 1.8 of the 073 Contract.  **Exhibit A-28** (APP 144).[11]

    **(4)**      **Project 4:  The Juno Solar Project.**

        *(i)*        *Contract 6:  The 078 Contract.*

18.     Effective on or about July 6, 2020, Ozzie's entered into a contract (the "***078 Contract***") with IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Mini-Padder backfill separation machine, in connection with IMSG's Juno Solar Project, in exchange for monthly rental payments of $25,000 plus related expenses.  A true and correct copy of the 078 Contract is attached hereto as **Exhibit A-33** (APP 160 – APP 170), and is incorporated herein by reference.  The goods, materials, and services Ozzie's provided to IMSG are set forth in the 078 Contract and in the invoices (and one credit memo) Ozzie's sent to IMSG, which form the basis of this action.  A true and correct copy of the invoices (and one credit memo) Ozzie's sent to IMSG pursuant to the 078 Contract is attached hereto as **Exhibits A-34 through A-46** (APP 171 – APP 196), and incorporated herein by reference.  Additionally, the amount IMSG owes Ozzie's continues to increase as interest accrues monthly at a rate of 1.5% on the outstanding past-due balance at the end of every month after payment is not made within thirty days from the

---

[11] APP 005 – APP 006, Argue Aff. at ¶ 13.

invoice date, consistent with Section 1.8 of the 078 Contract.  **Exhibit A-33** (APP 163).[12]

  **(5)**  **Project 5:  The Wheatridge Wind Farm Project.**

    *(i)*  *Contract 7:  The 092 Contract.*

  19.  Effective on or about August 5, 2020, Ozzie's entered into a contract (the "***092 Contract***") with IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Allu DN3-12TS padding bucket, in connection with IMSG's Wheatridge Wind Farm Project, in exchange for monthly rental payments of $7,500 plus related expenses.  A true and correct copy of the 092 Contract is attached hereto as **Exhibit A-47** (APP 197 – APP 207), and is incorporated herein by reference.  The goods, materials, and services Ozzie's provided to IMSG are set forth in the 092 Contract and in the invoices (and one credit memo) Ozzie's sent to IMSG, which form the basis of this action.  A true and correct copy of the invoices (and one credit memo) Ozzie's sent to IMSG pursuant to the 092 Contract is attached hereto as **Exhibits A-48 through A-51** (APP 208 – APP 215), and incorporated herein by reference.   Additionally, the amount IMSG owes Ozzie's continues to increase as interest accrues monthly at a rate of 1.5% on the outstanding past-due balance at the end of every month after payment is not made within thirty days from the invoice date, consistent with Section 1.7 of the 092 Contract.  **Exhibit A-47** (APP 199).[13]

    *(ii)*  *Contract 8:  The 098 Contract.*

  20.  Effective on or about August 17, 2020, Ozzie's entered into a second contract (the "***098 Contract***") with IMSG related to the Wheatridge Wind Farms Project to provide IMSG with goods, materials, and pipeline padding services, including one Mini-Padder backfill separation

---

[12] APP 006, Argue Aff. at ¶ 14.
[13] APP 006 – APP 007, Argue Aff. at ¶ 15.

machine, in exchange for monthly rental payments of $25,000 plus related expenses.  A true and correct copy of the 098 Contract is attached hereto as **Exhibit A-52** (APP 216 – APP 226), and is incorporated herein by reference.  The goods, materials, and services Ozzie's provided to IMSG are set forth in the 098 Contract and in the invoices Ozzie's sent to IMSG, which form the basis of this action.  A true and correct copy of the invoices Ozzie's sent to IMSG pursuant to the 098 Contract is attached hereto as **Exhibits A-53 through A-59** (APP 226 – APP 240) and is hereby incorporated herein by reference.   Additionally, the amount IMSG owes Ozzie's continues to increase as interest accrues monthly at a rate of 1.5% on the outstanding past-due balance at the end of every month after payment is not made within thirty days from the invoice date, consistent with Section 1.8 of the 098 Contract.  **Exhibit A-52** (APP 219).[14]

> **(6)**     **Project 6:  The Moss-Discovery Solar Project.**
>
> > **(i)**     ***Contract 9:  The 003 Contract.***

21.     Effective on or about January 12, 2021, Ozzie's entered into the first contract (the "***003 Contract***") with IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Allu DL2-12TS padding bucket, in connection with IMSG's Moss-Discovery Solar Project, in exchange for monthly rental payments of $3,500 plus related expenses. A true and correct copy of the 003 Contract is attached hereto as **Exhibit A-60** (APP 241 – APP 251), and is incorporated herein by reference.  The goods, materials, and services Ozzie's provided to IMSG are set forth in the 003 Contract and in the invoices Ozzie's sent to IMSG, which form the basis of this action.  A true and correct copy of the invoices Ozzie's sent to IMSG pursuant to the 003 Contract is attached hereto as **Exhibits A-61 through A-65** (APP 252 – APP 261), and incorporated herein by reference.   Additionally, the amount IMSG owes Ozzie's continues to

---

[14] APP 007, Argue Aff. at ¶ 16.

increase as interest accrues monthly at a rate of 1.5% on the outstanding past-due balance at the end of every month after payment is not made within thirty days from the invoice date, consistent with Section 1.7 of the 003 Contract.  **Exhibit A-60** (APP 243).[15]

>         *(ii)     Contract 10:  The 004 Contract.*

22.     Effective on or about February 20, 2021, Ozzie's entered into a second contract (the "*004 Contract*") with IMSG related to the Moss-Discovery Solar Project to provide IMSG with goods, materials, and pipeline padding services, including one Allu DL2-12TS Padding Bucket, in exchange for monthly rental payments of $3,500 plus related expenses.  A true and correct copy of the 004 Contract is attached hereto as **Exhibit A-66** (APP 262 – APP 272), and is incorporated herein by reference.  The goods, materials, and services Ozzie's provided to IMSG are set forth in the 004 Contract and in the invoices Ozzie's sent to IMSG, which form the basis of this action.  A true and correct copy of the invoices Ozzie's sent to IMSG pursuant to the 004 Contract is attached hereto as **Exhibits A-67 through A-69** (APP 273 – APP 278), and is hereby incorporated herein by reference.   Additionally, the amount IMSG owes Ozzie's continues to increase as interest accrues monthly at a rate of 1.5% on the outstanding past-due balance at the end of every month after payment is not made within thirty days from the invoice date, consistent with Section 1.7 of the 004 Contract.  **Exhibit A-66** (APP 264).[16]

## C.    THE PAYMENT PLAN

23.     Shortly after Ozzie's and IMSG entered into the Rental Contracts, IMSG fell behind on its payment obligations to Ozzie's.  At the same time, IMSG continued to rent and use Ozzie's equipment pursuant to the terms of the Rental Contracts.[17]

---

[15] APP 007 – APP 008, Argue Aff. at ¶ 17.
[16] APP 008, Argue Aff. at ¶ 18.
[17] APP 008 – APP 009, Argue Aff. at ¶ 19.

24.     Although IMSG's debt continued to grow each month, Ozzie's made continual efforts to work with IMSG in a fair and amicable manner to obtain the amount owed, and to preserve the parties' business relationship.[18]

25.     By October 31, 2020, IMSG owed an outstanding balance of $347,389.04.[19]

26.     Therefore, on or about November 5, 2020, IMSG set forth a payment plan (the "**Payment Plan**") to pay a total of $340,158.31 to Ozzie's as part of the outstanding balance for the past rental of an Allu DH3-17TS padding bucket (pursuant to the 046 Contract), an Allu DN2-12 TS padding bucket (pursuant to the 053 Contract), an Allu DH3-17TS padding bucket (pursuant to the 072 Contract), an Allu DH3-12TS Padding Bucket (pursuant to the 056 Contract), a Mini-Padder backfill separation machine (pursuant to the 073 Contract), a Mini-Padder backfill separation machine (pursuant to the 078 Contract), an Allu DN3-12TS padding bucket (pursuant to the 092 Contract), a Mini-Padder backfill separation machine (pursuant to the 098 Contract), an Allu DL2-12TS padding bucket (pursuant to the 003 Contract), and an Allu DL2-12TS padding bucket (pursuant to the 004 Contract).[20]  A true and correct copy of the Payment Plan is attached hereto as **Exhibit A-70** (APP 279 – APP 284).

27.     Under the Payment Plan, IMSG agreed to make eight payments to Ozzie's in November and December 2020, totaling $340,158.31 as follows:

| | |
|---|---|
| November 6, 2020 | $46,717.30 |
| November 13, 2020 | $58,812.50 |
| November 20, 2020 | $42,479.17 |
| November 27, 2020 | $58,812.50 |

---

[18] APP 009, Argue Aff. at ¶ 20.
[19] APP 009, Argue Aff. at ¶ 21.
[20] APP 009, Argue Aff. at ¶ 22.

| December 4, 2020 | $53,155.74 |
| December 11, 2020 | $47,183.21 |
| December 18, 2020 | $20,880.82 |
| December 25, 2020 | $12,117.07[21] |

28.     Although IMSG made the first two payments to Ozzie's pursuant to the Payment Plan, the third payment was not timely made.  IMSG also failed to make the remaining payments. To be sure, IMSG made its last payment pursuant to the Payment Plan on November 23, 2020.[22]

29.     Consequently, IMSG continued to accumulate balances for rental charges for the Allu DH3-17TS padding bucket (pursuant to the 046 Contract), an Allu DN2-12 TS padding bucket (pursuant to the 053 Contract), an Allu DH3-17TS padding bucket (pursuant to the 072 Contract), an Allu DH3-12TS Padding Bucket (pursuant to the 056 Contract), a Mini-Padder backfill separation machine (pursuant to the 073 Contract), a Mini-Padder backfill separation machine (pursuant to the 078 Contract), an Allu DN3-12TS padding bucket (pursuant to the 092 Contract), a Mini-Padder backfill separation machine (pursuant to the 098 Contract), an Allu DL2-12TS padding bucket (pursuant to the 003 Contract), and an Allu DL2-12TS padding bucket (pursuant to the 004 Contract).  Interest also continued to accrue on the outstanding past-due balances IMSG owed at the end of every month after IMSG's payments were not made within thirty days from the invoice date, consistent with Section 1.8 and Section 1.7 of each of the Rental Contracts, respectively.[23]

30.     Accordingly, Ozzie's has claims against IMSG which are liquidated money demands for amounts due by IMSG to Ozzie's based on written contracts and an open (or sworn)

---

[21] APP 009 – APP 010, Argue Aff. at ¶ 23.
[22] APP 010, Argue Aff. at ¶ 24.
[23] APP 010, Argue Aff. at ¶ 25.

account upon which a systematic record has been kept.  Ozzie's provided goods, materials, and services to IMSG in the regular course of its business at IMSG's special insistence and request.[24]

31.     Although Ozzie's has fully performed its obligation under the Rental Contracts, IMSG has failed to pay Ozzie's, which has necessitated this lawsuit.[25]

32.     Each of the Rental Contracts provide that they shall be construed in accordance with and governed by the laws of the State of Arizona.  **Exhibit A-1** at 9, Art. XIII (APP 055); **Exhibit A-10** at 9, Art. XIII (APP 087); **Exhibit A-11** at 9, Art. XIII (APP 098); **Exhibit A-19** at 9, Art. XIII (APP 123); **Exhibit A-28** at 9, Art. XIII (APP 150); **Exhibit A-33** at 9, Art. XIII (APP 069); **Exhibit A-47** at 9, Art. XIII (APP 206); **Exhibit A-52** at 9, Art. XIII (APP 225); **Exhibit A-60** at 9, Art. XIII (APP 250); and **Exhibit A-66** at 9, Art. XIII (APP 271).[26]

## VII.    CLAIMS & CAUSES OF ACTION

### A.    COUNT 1:  BREACH OF CONTRACT

33.     Ozzie's re-alleges and incorporates by reference all facts and allegations set forth above as though they were fully set forth herein.

### (1)    Contract 1:  The 046 Contract.

34.     Effective on or about April 30, 2020, Ozzie's entered into the 046 Contract with IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Allu DH3-17TS padding bucket, in connection with IMSG's Titan/Aragorn Solar Project, in exchange

---

[24] APP 010, Argue Aff. at ¶ 26.
[25] APP 010, Argue Aff. at ¶ 27.
[26] APP 011, Argue Aff. at ¶ 28.

for monthly rental payments of $8,500.00 plus related expenses. The 046 Contract is attached hereto as **Exhibit A-1** (APP 046 – APP 061).

35.    Section 1.7 of the 046 Contract provides that:[27]

    a.   Ozzie's will invoice IMSG monthly for the monthly rental charge of $8,500 per Allu DH3-17S padding bucket, plus all applicable taxes and expenses;

    b.   Ozzie's shall commence billing IMSG in advance of the first day of each month;

    c.   IMSG's payment to Ozzie's is due within thirty (30) days of the date of Ozzie's invoice to IMSG; and

    d.   Ozzie's shall charge late fees at a rate of 1.5% of the outstanding past due balance at the end of every month.  **Exhibit A-1** at 2 (APP 048).

36.    The goods, materials, and services Ozzie's provided to IMSG pursuant to the 046 Contract are set forth in the 046 Contract and in the invoices related to the 046 Contract which Ozzie's sent to IMSG, all of which, together, form the basis of this suit.  The 046 Contract is attached hereto as **Exhibit A-1** (APP 046 – APP 061), and the invoices related to the 046 Contract which Ozzie's sent to IMSG are attached hereto as **Exhibits A-2 through A-9** (APP 062 – APP 077).   Ozzie's hereby incorporates by reference as fully stated herein the 046 Contract and the invoices related to the 046 Contract which Ozzie's sent to IMSG.[28]

37.    The 046 Contract between Ozzie's and IMSG is valid and enforceable.  Ozzie's fully performed its obligations under the 046 Contract.  IMSG did not perform its obligations under the 046 Contract by not paying Ozzie's the amounts IMSG owes to Ozzie's, which now (together with the 053 Contract attached as **Exhibit A-10** (APP 078 – APP 088), totals $106,600.66. Attached hereto as **Exhibit A-71** (APP 285 – APP 287) is a true and correct copy of a summary of the account and the amounts IMSG owes Ozzie's (which is incorporated by reference as if fully

---

[27] APP 011, Argue Aff. at ¶ 29.
[28] APP 011, Argue Aff. at ¶ 30.

stated herein), pursuant to the 046 Contract (which is attached hereto as **Exhibit A-1** (APP 046 – APP 061), the invoices Ozzie's sent to IMSG for the goods, materials, and services Ozzie's provided to IMSG (which are attached hereto as **Exhibits A-2 through A-9** (APP 062 – APP 077), and the 053 Contract (which is attached hereto as **Exhibit A-10** (APP 078 – APP 088). Consequently, Ozzie's has suffered injury and is entitled to actual damages, attorneys' fees, interest, and costs as a result of IMSG not paying Ozzie's the amounts IMSG owes Ozzie's pursuant to the Rental Contracts, the invoices Ozzie's sent to IMSG, and the summary of the amount IMSG owes Ozzie's.  As a result of IMSG's breach, Ozzie's has been damaged and is entitled to recover all amounts due and owing by IMSG, plus attorneys' fees and costs, pursuant to applicable Arizona law, which applies to the Rental Contract.  **Exhibit A-1** Art. XIII § 13.01 (APP 055).[29]

### (2) **Contract 2:  The 053 Contract.**

38.     Effective on or about May 11, 2020, Ozzie's entered into the 053 Contract with IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Allu DN2-12 padding bucket, in connection with IMSG's Titan/Aragorn Solar Project, in exchange for monthly rental payments of $5,500.00 plus related expenses. The 053 Contract is attached hereto as **Exhibit A-10** (APP 078 – APP 088).

39.     Section 1.7 of the 053 Contract provides that:[30]

    a.   Ozzie's will invoice IMSG monthly for the monthly rental charge of $5,500.00 per Allu DN2-12 padding bucket, plus all applicable taxes and expenses;

    b.   Ozzie's shall commence billing IMSG in advance of the first day of each month;

    c.   IMSG's payment to Ozzie's is due within thirty (30) days of the date of Ozzie's invoice to IMSG; and

---

[29] APP 011 – APP 012, Argue Aff. at ¶ 31.
[30] APP 012, Argue Aff. at ¶ 32.

      d.  Ozzie's shall charge late fees at a rate of 1.5% of the outstanding past due balance at the end of every month.  **Exhibit A-10** at 2-3 (APP 080 – APP 081).

40.    The goods, materials, and services Ozzie's provided to IMSG pursuant to the 053 Contract are set forth in the 053 Contract and in the invoices related to the 053 Contract which Ozzie's sent to IMSG, all of which, together, form the basis of this suit.  The 053 Contract is attached hereto as **Exhibit A-10** (APP 078 – APP 088), and the invoices related to the 053 Contract which Ozzie's sent to IMSG are attached hereto as **Exhibits A-2 through A-9** (APP 046 – APP 061).  Ozzie's hereby incorporates by reference as fully stated herein the 053 Contract and the invoices related to the 053 Contract which Ozzie's sent to IMSG.[31]

41.    The 053 Contract between Ozzie's and IMSG is valid and enforceable.  Ozzie's fully performed its obligations under each of the Rental Contracts.  IMSG did not perform its obligations under the 053 Contract by failing to pay Ozzie's the amounts IMSG owes to Ozzie's, which now (together with the 046 Contract which is attached as **Exhibit A-10** (APP 078 – APP 088) totals $106,600.66.[32] Attached hereto as **Exhibit A-71** (APP 285 – APP 287) is a true and correct copy of a summary of the account and the amounts IMSG owes Ozzie's (which is incorporated by reference as fully stated herein), pursuant to the 053 Contract (which is attached hereto as **Exhibit A-10** (APP 078 – APP 088), and the invoices related to the 053 Contract which Ozzie's sent to IMSG for the goods, materials, and services Ozzie's provided to IMSG (which are attached hereto as **Exhibits A-2 through A-9** (APP 046 – APP 061).  Consequently, Ozzie's has suffered injury and is entitled to actual damages, attorneys' fees, interest, and costs as a result of IMSG not paying Ozzie's the amounts IMSG owes Ozzie's pursuant to the 053 Contract, the

---

[31] APP 012 – APP 013, Argue Aff. at ¶ 33.
[32] APP 010, Argue Aff. at ¶ 26.

invoices related to the 053 Contract which Ozzie's sent to IMSG, and the summary of the amount

IMSG owes Ozzie's. As a result of IMSG's breach, Ozzie's has been damaged and is entitled to

recover all amounts due and owing by IMSG, plus attorneys' fees and costs, per applicable Arizona

law. **Exhibit A-10** Art. XIII § 13.01.[33]

 **(3)**  **Contract 3:  The 072 Contract.**

 42.  Effective on or about June 15, 2020, Ozzie's entered into the 072 Contract with

IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Allu

DH3-17S padding bucket, in connection with IMSG's Titan/Aragorn Solar Project, in exchange

for monthly rental payments of $8,500.00 plus related expenses. The 053 Contract is attached

hereto as **Exhibit A-11** (APP 089 – APP 099).

 43.  Section 1.7 of the 072 Contract provides that:[34]

  a. Ozzie's will invoice IMSG monthly for the monthly rental charge of $8,500.00 per Allu DH3-17S padding bucket, plus all applicable taxes and expenses;

  b. Ozzie's shall commence billing IMSG in advance of the first day of each month;

  c. IMSG's payment to Ozzie's is due within thirty (30) days of the date of Ozzie's invoice to IMSG; and

  d. Ozzie's shall charge late fees at a rate of 1.5% of the outstanding past due balance at the end of every month.  **Exhibit A-11** at 2-3 (APP 091 – APP 092).

 44.  The goods, materials, and services Ozzie's provided to IMSG pursuant to the 072

Contract are set forth in the 072 Contract and in the invoices related to the 072 Contract which

Ozzie's sent to IMSG, all of which, together, form the basis of this suit.  The 072 Contract is

attached hereto as **Exhibit A-11** (APP 089 – APP 099), and the invoices related to the 072 Contract

which Ozzie's sent to IMSG are attached hereto as **Exhibits A-12 through A-18** (APP 100 – APP

---

[33] APP 012 – APP 013, Argue Aff. at ¶ 33.
[34] APP 013 – APP 014, Argue Aff. at ¶ 35.

113). Ozzie's hereby incorporates by reference as fully stated herein the 072 Contract and the invoices related to the 072 Contract which Ozzie's sent to IMSG.[35]

45.     The 072 Contract between Ozzie's and IMSG is valid and enforceable.  Ozzie's fully performed its obligations under each of the Rental Contracts.  IMSG did not perform its obligations under the 072 Contract by failing to pay Ozzie's the amounts IMSG owes to Ozzie's, which now totals $66,469.76.[36] Attached hereto as **Exhibit A-71** (APP 285 – APP 287) is a true and correct copy of a summary of the account and the amounts IMSG owes Ozzie's (which is incorporated by reference as fully stated herein), pursuant to the 072 Contract (which is attached hereto as **Exhibit A-11** (APP 089 – APP 099), and the invoices related to the 072 Contract which Ozzie's sent to IMSG for the goods, materials, and services Ozzie's provided to IMSG (which are attached hereto as **Exhibits A-12 through A-18** (APP 100 – APP 113).  Consequently, Ozzie's has suffered injury and is entitled to actual damages, attorneys' fees, interest, and costs as a result of IMSG not paying Ozzie's the amounts IMSG owes Ozzie's pursuant to the 072 Contract, the invoices related to the 072 Contract which Ozzie's sent to IMSG, and the summary of the amount IMSG owes Ozzie's. As a result of IMSG's breach, Ozzie's has been damaged and is entitled to recover all amounts due and owing by IMSG, plus attorneys' fees and costs, per applicable Arizona law.  **Exhibit A-11** Art. XIII § 13.01 (APP 098).[37]

**(4)     Contract 4:  The 056 Contract.**

46.     Effective on or about May 14, 2020, Ozzie's entered into the 056 Contract with IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Allu DN3-12TS padding bucket, in connection with IMSG's Permian Solar Project, in exchange for

---

[35] APP 014, Argue Aff. at ¶ 36.
[36] APP 010, Argue Aff. at ¶ 26.
[37] APP 014, Argue Aff. at ¶ 37.

monthly rental payments of $7,500.00 plus related expenses. The 056 Contract is attached hereto as **<u>Exhibit A-19</u>** (APP 114 – APP 124).

47.    Section 1.7 of the 056 Contract provides that:[38]

    a.    Ozzie's will invoice IMSG monthly for the monthly rental charge of $7,500.00 per Allu DN3-12TS padding bucket, plus all applicable taxes and expenses;

    b.    Ozzie's shall commence billing IMSG in advance of the first day of each month;

    c.    IMSG's payment to Ozzie's is due within thirty (30) days of the date of Ozzie's invoice to IMSG; and

    d.    Ozzie's shall charge late fees at a rate of 1.5% of the outstanding past due balance at the end of every month.  **<u>Exhibit A-19</u>** at 2-3 (APP 116 – APP 117).

48.    The goods, materials, and services Ozzie's provided to IMSG pursuant to the 056 Contract are set forth in the 056 Contract and in the invoices related to the 056 Contract which Ozzie's sent to IMSG, all of which, together, form the basis of this suit.  The 056 Contract is attached hereto as **<u>Exhibit A-19</u>** (APP 116 – APP 117), and the invoices related to the 056 Contract which Ozzie's sent to IMSG are attached hereto as **<u>Exhibits A-20 through A-27</u>** (APP 125– APP 140).  Ozzie's hereby incorporates by reference as fully stated herein the 056 Contract and the invoices related to the 056 Contract which Ozzie's sent to IMSG.[39]

49.    The 056 Contract between Ozzie's and IMSG is valid and enforceable.  Ozzie's fully performed its obligations under each of the Rental Contracts.  IMSG did not perform its obligations under the 056 Contract by failing to pay Ozzie's the amounts IMSG owes to Ozzie's, which now totals $58,118.86.[40] Attached hereto as **<u>Exhibit A-71</u>** (APP 285 – APP 287) is a true and correct copy of a summary of the account and the amounts IMSG owes Ozzie's (which is

---

[38] APP 015, Argue Aff. at ¶ 38.
[39] APP 015, Argue Aff. at ¶ 39.
[40] APP 010, Argue Aff. at ¶ 26.

incorporated by reference as fully stated herein), pursuant to the 056 Contract (which is attached hereto as **Exhibit A-19** (APP 114 – APP 124), and the invoices related to the 056 Contract which Ozzie's sent to IMSG for the goods, materials, and services Ozzie's provided to IMSG (which are attached hereto as **Exhibits A-20 through A-27** (APP 125 – APP 140).  Consequently, Ozzie's has suffered injury and is entitled to actual damages, attorneys' fees, interest, and costs as a result of IMSG not paying Ozzie's the amounts IMSG owes Ozzie's pursuant to the 056 Contract, the invoices related to the 056 Contract which Ozzie's sent to IMSG, and the summary of the amount IMSG owes Ozzie's. As a result of IMSG's breach, Ozzie's has been damaged and is entitled to recover all amounts due and owing by IMSG, plus attorneys' fees and costs, per applicable Arizona law.  **Exhibit A-19** Art. XIII § 13.01 (APP 123).[41]

    **(5)**    **Contract 5:  The 073 Contract.**

50.    Effective on or about June 18, 2020, Ozzie's entered into the 073 Contract with IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Mini-Padder backfill separation machine, in connection with IMSG's Saint Solar Project, in exchange for monthly rental payments of $15,500.00 plus related expenses. The 073 Contract is attached hereto as **Exhibit A-28** (APP 141 – APP 151).

51.    Section 1.8 of the 073 Contract provides that:[42]

    a.    Ozzie's will invoice IMSG monthly for the monthly rental charge of $15,500.00 per Mini-Padder backfill separation machine, plus all applicable taxes and expenses;

    b.    Ozzie's shall commence billing IMSG in advance of the first day of each month;

    c.    IMSG's payment to Ozzie's is due within thirty (30) days of the date of Ozzie's invoice to IMSG; and

---

[41] APP 015 – APP 016, Argue Aff. at ¶ 40.
[42] APP 016, Argue Aff. at ¶ 41.

      d.   Ozzie's shall charge late fees at a rate of 1.5% of the outstanding past due balance at the end of every month.  **Exhibit A-28** at 3 (APP 144).

52.     The goods, materials, and services Ozzie's provided to IMSG pursuant to the 073 Contract are set forth in the 073 Contract and in the invoices related to the 073 Contract which Ozzie's sent to IMSG, all of which, together, form the basis of this suit.  The 073 Contract is attached hereto as **Exhibit A-28** (APP 141 – APP 151), and the invoices related to the 073 Contract which Ozzie's sent to IMSG are attached hereto as **Exhibits A-29 through A-32** (APP 152 – APP 159).  Ozzie's hereby incorporates by reference as fully stated herein the 073 Contract and the invoices related to the 073 Contract which Ozzie's sent to IMSG.[43]

53.     The 073 Contract between Ozzie's and IMSG is valid and enforceable.  Ozzie's fully performed its obligations under each of the Rental Contracts.  IMSG did not perform its obligations under the 073 Contract by failing to pay Ozzie's the amounts IMSG owes to Ozzie's, which now totals $13,783.99.[44] Attached hereto as **Exhibit A-71** (APP 285 – APP 287) is a true and correct copy of a summary of the account and the amounts IMSG owes Ozzie's (which is incorporated by reference as fully stated herein), pursuant to the 073 Contract (which is attached hereto as **Exhibit A-28** (APP 141 – APP 151), and the invoices related to the 073 Contract which Ozzie's sent to IMSG for the goods, materials, and services Ozzie's provided to IMSG (which are attached hereto as **Exhibits A-29 through A-32** (APP 152 – APP 159).   Consequently, Ozzie's has suffered injury and is entitled to actual damages, attorneys' fees, interest, and costs as a result of IMSG not paying Ozzie's the amounts IMSG owes Ozzie's pursuant to the 073 Contract, the invoices related to the 073 Contract which Ozzie's sent to IMSG, and the summary of the amount IMSG owes Ozzie's. As a result of IMSG's breach, Ozzie's has been damaged and is entitled to

---

[43] APP 016, Argue Aff. at ¶ 42.
[44] APP 010, Argue Aff. at ¶ 26.

recover all amounts due and owing by IMSG, plus attorneys' fees and costs, per applicable Arizona law. **Exhibit A-28** Art. XIII § 13.01 (APP 150).[45]

**(6)** **Contract 6:  The 078 Contract.**

54.     Effective on or about July 6, 2020, Ozzie's entered into the 078 Contract with IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Mini-Padder backfill separation machine, in connection with IMSG's Juno Solar Project, in exchange for monthly rental payments of $25,000.00 plus related expenses. The 078 Contract is attached hereto as **Exhibit A-33** (APP 160 – APP 170).

55.     Section 1.8 of the 078 Contract provides that:[46]

    a.  Ozzie's will invoice IMSG monthly for the monthly rental charge of $25,000.00 per Mini-Padder backfill separation machine, plus all applicable taxes and expenses;

    b.  Ozzie's shall commence billing IMSG in advance of the first day of each month;

    c.  IMSG's payment to Ozzie's is due within thirty (30) days of the date of Ozzie's invoice to IMSG; and

    d.  Ozzie's shall charge late fees at a rate of 1.5% of the outstanding past due balance at the end of every month.  **Exhibit A-33** at 3 (APP 163).

56.     The goods, materials, and services Ozzie's provided to IMSG pursuant to the 078 Contract are set forth in the 078 Contract and in the invoices (and one credit memo) related to the 078 Contract which Ozzie's sent to IMSG, all of which, together, form the basis of this suit.  The 078 Contract is attached hereto as **Exhibit A-33** (APP 160 – APP 170), and in the invoices (and one credit memo) related to the 078 Contract which Ozzie's sent to IMSG are attached hereto as **Exhibits A-34 through A-46** (APP 171– APP 196).  Ozzie's hereby incorporates by reference as

---

[45] APP 016 – APP 017, Argue Aff. at ¶ 43.
[46] APP 017, Argue Aff. at ¶ 44.

fully stated herein the 078 Contract and the invoices (and one credit memo) related to the 078 Contract which Ozzie's sent to IMSG.[47]

57.     The 078 Contract between Ozzie's and IMSG is valid and enforceable.  Ozzie's fully performed its obligations under each of the Rental Contracts.  IMSG did not perform its obligations under the 078 Contract by failing to pay Ozzie's the amounts IMSG owes to Ozzie's, which now totals $181,569.63.  Attached hereto as **Exhibit A-71** (APP 285 – APP 287) is a true and correct copy of a summary of the account and the amounts IMSG owes Ozzie's (which is incorporated by reference as fully stated herein), pursuant to the 078 Contract (which is attached hereto as **Exhibit A-33** (APP 160 – APP 170), and the invoices (and one credit memo) related to the 078 Contract which Ozzie's sent to IMSG for the goods, materials, and services Ozzie's provided to IMSG (which are attached hereto as **Exhibits A-34 through A-46** (APP 171 – APP 196).  Consequently, Ozzie's has suffered injury and is entitled to actual damages, attorneys' fees, interest, and costs as a result of IMSG not paying Ozzie's the amounts IMSG owes Ozzie's pursuant to the 078 Contract, the invoices (and one credit memo) related to the 078 Contract which Ozzie's sent to IMSG, and the summary of the amount IMSG owes Ozzie's.  As a result of IMSG's breach, Ozzie's has been damaged and is entitled to recover all amounts due and owing by IMSG, plus attorneys' fees and costs, per applicable Arizona law. **Exhibit A-33** Art. XIII § 13.01 (APP 169).[48]

**(7)     Contract 7:  The 092 Contract.**

58.     Effective on or about August 5, 2020, Ozzie's entered into the 092 Contract with IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Allu

---

[47] APP 017 – APP 018, Argue Aff. at ¶ 45.
[48] APP 018, Argue Aff. at ¶ 46.

DN3-12TS padding bucket, in connection with IMSG's Wheatridge Wind Farm Project, in exchange for monthly rental payments of $7,500.00 plus related expenses. The 092 Contract is attached hereto as **Exhibit A-47** (APP 197 – APP 207).

59.     Section 1.7 of the 092 Contract provides that:[49]

   a.  Ozzie's will invoice IMSG monthly for the monthly rental charge of $7,500.00 per Allu DN3-12TS padding bucket, plus all applicable taxes and expenses;

   b.  Ozzie's shall commence billing IMSG in advance of the first day of each month;

   c.  IMSG's payment to Ozzie's is due within thirty (30) days of the date of Ozzie's invoice to IMSG; and

   d.  Ozzie's shall charge late fees at a rate of 1.5% of the outstanding past due balance at the end of every month. **Exhibit A-47** at 2 (APP 199).

60.     The goods, materials, and services Ozzie's provided to IMSG pursuant to the 092 Contract are set forth in the 092 Contract and in the invoices (and one credit memo) related to the 092 Contract which Ozzie's sent to IMSG, all of which, together, form the basis of this suit.  The 092 Contract is attached hereto as **Exhibit A-47** (APP 197 – APP 207), and the invoices (and one credit memo) related to the 092 Contract which Ozzie's sent to IMSG are attached hereto as **Exhibits A-48 through A-51** (APP 208 – APP 215).  Ozzie's hereby incorporates by reference as fully stated herein the 092 Contract and the invoices (and one credit memo) related to the 092 Contract which Ozzie's sent to IMSG.[50]

61.     The 092 Contract between Ozzie's and IMSG is valid and enforceable.  Ozzie's fully performed its obligations under each of the Rental Contracts.  IMSG did not perform its obligations under the 092 Contract by failing to pay Ozzie's the amounts IMSG owes to Ozzie's, which now totals $13,812.40.  Attached hereto as **Exhibit A-71** (APP 285 – APP 287) is a true

---

[49] APP 018, Argue Aff. at ¶ 47
[50] APP 019, Argue Aff. at ¶ 48.

and correct copy of a summary of the account and the amounts IMSG owes Ozzie's (which is incorporated by reference as fully stated herein), pursuant to the 092 Contract (which is attached hereto as **Exhibit A-47** (APP 197 – APP 207)), and the invoices (and one credit memo) related to the 092 Contract which Ozzie's sent to IMSG for the goods, materials, and services Ozzie's provided to IMSG (which are attached hereto as **Exhibits A-48 through A-51** (APP 208 – APP 215). Consequently, Ozzie's has suffered injury and is entitled to actual damages, attorneys' fees, interest, and costs as a result of IMSG not paying Ozzie's the amounts IMSG owes Ozzie's pursuant to the 092 Contract, the invoices (and one credit memo) related to the 092 Contract which Ozzie's sent to IMSG, and the summary of the amount IMSG owes Ozzie's. As a result of IMSG's breach, Ozzie's has been damaged and is entitled to recover all amounts due and owing by IMSG, plus attorneys' fees and costs, per applicable Arizona law. **Exhibit A-47** Art. XIII § 13.01 (APP APP 206).[51]

**(8)    Contract 8:  The 098 Contract.**

62.    Effective on or about August 17, 2020, Ozzie's entered into the 098 Contract with IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Mini-Padder backfill separation machine, in connection with IMSG's Wheatridge Wind Farm Project, in exchange for monthly rental payments of $25,000.00 plus related expenses. The 098 Contract is attached hereto as **Exhibit A-52** (APP 216 – APP 226).

63.    Section 1.8 of the 098 Contract provides that:[52]

   a.   Ozzie's will invoice IMSG monthly for the monthly rental charge of $25,000.00 per Mini-Padder backfill separation machine, plus all applicable taxes and expenses;

   b.   Ozzie's shall commence billing IMSG in advance of the first day of each month;

---

[51] APP 019, Argue Aff. at ¶ 49.
[52] APP 020, Argue Aff. At ¶ 50.

      c.   IMSG's payment to Ozzie's is due within thirty (30) days of the date of Ozzie's invoice to IMSG; and

      d.   Ozzie's shall charge late fees at a rate of 1.5% of the outstanding past due balance at the end of every month.  **Exhibit A-52** at 3 (APP 219).

64.    The goods, materials, and services Ozzie's provided to IMSG pursuant to the 098 Contract are set forth in the 098 Contract and in the invoices related to the 098 Contract which Ozzie's sent to IMSG, all of which, together, form the basis of this suit.  The 098 Contract is attached hereto as **Exhibit A-52** (APP 216 – APP 226), and the invoices related to the 098 Contract which Ozzie's sent to IMSG are attached hereto as **Exhibits A-53 through A-59** (APP 227 – APP 240).  Ozzie's hereby incorporates by reference as fully stated herein the 098 Contract and the invoices related to the 098 Contract which Ozzie's sent to IMSG.[53]

65.    The 098 Contract between Ozzie's and IMSG is valid and enforceable.  Ozzie's fully performed its obligations under each of the Rental Contracts.  IMSG did not perform its obligations under the 098 Contract by failing to pay Ozzie's the amounts IMSG owes to Ozzie's, which now totals $50,689.69.  Attached hereto as **Exhibit A-71** (APP 285 – APP 287) is a true and correct copy of a summary of the account and the amounts IMSG owes Ozzie's (which is incorporated by reference as fully stated herein), pursuant to the 098 Contract (which is attached hereto as **Exhibit A-52** (APP 216 – APP 226), and the invoices related to the 098 Contract which Ozzie's sent to IMSG for the goods, materials, and services Ozzie's provided to IMSG (which are attached hereto as **Exhibits A-53 through A-59** (APP 227 – APP 240).  Consequently, Ozzie's has suffered injury and is entitled to actual damages, attorneys' fees, interest, and costs as a result of IMSG not paying Ozzie's the amounts IMSG owes Ozzie's pursuant to the 098 Contract, the

---

[53] APP 020, Argue Aff. at ¶ 51.

invoices related to the 098 Contract which Ozzie's sent to IMSG, and the summary of the amount IMSG owes Ozzie's.  As a result of IMSG's breach, Ozzie's has been damaged and is entitled to recover all amounts due and owing by IMSG, plus attorneys' fees and costs, per applicable Arizona law.  **Exhibit A-52** Art. XIII § 13.01 (APP 225).[54]

> **(9)** **Contract 9:  The 003 Contract.**

66.     Effective on or about January 12, 2021, Ozzie's entered into the 003 Contract with IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Allu DL2-12TS padding bucket, in connection with IMSG's Moss-Discovery Solar Project, in exchange for monthly rental payments of $3,500.00 plus related expenses. The 003 Contract is attached hereto as **Exhibit A-60** (APP 241 – APP 251).

67.     Section 1.7 of the 003 Contract provides that:[55]

> a.  Ozzie's will invoice IMSG monthly for the monthly rental charge of $3,500.00 per Allu DN2-12TS padding bucket, plus all applicable taxes and expenses;
>
> b.  Ozzie's shall commence billing IMSG in advance of the first day of each month;
>
> c.  IMSG's payment to Ozzie's is due within thirty (30) days of the date of Ozzie's invoice to IMSG; and
>
> d.  Ozzie's shall charge late fees at a rate of 1.5% of the outstanding past due balance at the end of every month.  **Exhibit A-60** at 2 (APP 243).

68.     The goods, materials, and services Ozzie's provided to IMSG pursuant to the 003 Contract are set forth in the 003 Contract and in the invoices related to the 003 Contract which Ozzie's sent to IMSG, all of which, together, form the basis of this suit.  The 003 Contract is attached hereto as **Exhibit A-60** (APP 241 – APP 251), and the invoices related to the 003 Contract which Ozzie's sent to IMSG are attached hereto as **Exhibits A-61 through A-65** (APP 252 – APP

---

[54] APP 020 – APP 021, Argue Aff. at ¶ 52.
[55] APP 021, Argue Aff. at ¶ 53.

261).  Ozzie's hereby incorporates by reference as fully stated herein the 003 Contract and the invoices related to the 003 Contract which Ozzie's sent to IMSG.[56]

69.     The 003 Contract between Ozzie's and IMSG is valid and enforceable.  Ozzie's fully performed its obligations under each of the Rental Contracts.  IMSG did not perform its obligations under the 003 Contract by failing to pay Ozzie's the amounts IMSG owes to Ozzie's, which now totals $14,254.94.  Attached hereto as **Exhibit A-71** (APP 285 – APP 287) is a true and correct copy of a summary of the account and the amounts IMSG owes Ozzie's (which is incorporated by reference as fully stated herein), pursuant to the 003 Contract (which is attached hereto as **Exhibit A-60** (APP 241 – APP 251), and the invoices related to the 003 Contract which Ozzie's sent to IMSG for the goods, materials, and services Ozzie's provided to IMSG (which are attached hereto as **Exhibits A-61 through A-65** (APP 252 – APP 261).  Consequently, Ozzie's has suffered injury and is entitled to actual damages, attorneys' fees, interest, and costs as a result of IMSG not paying Ozzie's the amounts IMSG owes Ozzie's pursuant to the 003 Contract, the invoices related to the 003 Contract which Ozzie's sent to IMSG, and the summary of the amount IMSG owes Ozzie's.  As a result of IMSG's breach, Ozzie's has been damaged and is entitled to recover all amounts due and owing by IMSG, plus attorneys' fees and costs, per applicable Arizona law.[57]

**(10)     Contract 10:  The 004 Contract.**

70.     Effective on or about February 20, 2020, Ozzie's entered into the 004 Contract with IMSG to provide IMSG with goods, materials, and pipeline padding services, including one Allu DN3-12TS padding bucket, in connection with IMSG's Moss-Discovery Solar Project, in

---

[56] APP 021, Argue Aff. at ¶ 54.
[57] APP 021 – APP 022, Argue Aff. at ¶ 55.

exchange for monthly rental payments of $3,500.00 plus related expenses. The 004 Contract is attached hereto as **Exhibit A-66** (APP 262 – APP 272).

71.     Section 1.7 of the 004 Contract provides that:[58]

    a.   Ozzie's will invoice IMSG monthly for the monthly rental charge of $3,500.00 per Allu DN3-12TS padding bucket, plus all applicable taxes and expenses;

    b.   Ozzie's shall commence billing IMSG in advance of the first day of each month;

    c.   IMSG's payment to Ozzie's is due within thirty (30) days of the date of Ozzie's invoice to IMSG; and

    d.   Ozzie's shall charge late fees at a rate of 1.5% of the outstanding past due balance at the end of every month.  **Exhibit A-66** at 2 (APP 264).

72.     The goods, materials, and services Ozzie's provided to IMSG pursuant to the 004 Contract are set forth in the 004 Contract and in the invoices related to the 004 Contract which Ozzie's sent to IMSG, all of which, together, form the basis of this suit.  The 004 Contract is attached hereto as **Exhibit A-66** (APP 262 – APP 272), and the invoices related to the 004 Contract which Ozzie's sent to IMSG are attached hereto as **Exhibits A-67 through A-69** (APP 273 – APP 278).  Ozzie's hereby incorporates by reference as fully stated herein the 004 Contract and the invoices related to the 004 Contract which Ozzie's sent to IMSG.[59]

73.     The 004 Contract between Ozzie's and IMSG is valid and enforceable.  Ozzie's fully performed its obligations under each of the Rental Contracts.  IMSG did not perform its obligations under the 004 Contract by not paying Ozzie's the amounts IMSG owes to Ozzie's, which now totals $4,396.49. Attached hereto as **Exhibit A-71** (APP 285 – APP 287) is a true and correct copy of a summary of the account and the amounts IMSG owes Ozzie's (which is incorporated by reference as fully stated herein), pursuant to the 004 Contract (which is attached

---

[58] APP 022, Argue Aff. at ¶ 56.
[59] APP 022, Argue Aff. at ¶ 56.

hereto as **Exhibit A-66** (APP 262 – APP 272), and the invoices related to the 004 Contract which Ozzie's sent to IMSG for the goods, materials, and services Ozzie's provided to IMSG (which are attached hereto as **Exhibits A-67 through A-69** (APP 273 – APP 278).  Consequently, Ozzie's has suffered injury and is entitled to actual damages, attorneys' fees, interest, and costs as a result of IMSG not paying Ozzie's the amounts IMSG owes Ozzie's pursuant to the 004 Contract, the invoices related to the 004 Contract which Ozzie's sent to IMSG, and the summary of the amount IMSG owes Ozzie's.  As a result of IMSG's breach, Ozzie's has been damaged and is entitled to recover all amounts due and owing by IMSG, plus attorneys' fees and costs, per applicable Arizona law.  **Exhibit A-66** Art. XIII § 13.01 (APP 271). [60]

**B.    COUNT 2:  SUIT ON SWORN ACCOUNT / OPEN ACCOUNT**

74.    Ozzie's re-alleges and incorporates by reference all facts and allegations set forth above as though they were fully set forth herein.

75.    A business relationship existed between Ozzie's and IMSG under which Ozzie's provided goods, materials, and services to IMSG on an open account as stated in the Rental Contracts (attached as **Exhibit A-1** (APP 046 – APP 056), **Exhibit A-10** (APP 078 – APP 088)**, Exhibit A-11** (APP 089 – APP 099), **Exhibit A-19** (APP 114 – APP 124), **Exhibit A-28** (APP 141 – APP 151)**, Exhibit A-33** (APP 160 – APP 170)**, Exhibit A-47** (APP 197 – APP 207)**, Exhibit A-52** (APP 216 – APP 226), **Exhibit A-60** (APP 241 – APP 251), **Exhibit A-66** (APP 266 – APP 276) and in the invoices (and two credit memos) Ozzie's sent to IMSG (attached as **Exhibits A-2 through A-9** (APP 062 – APP 077), **Exhibits A-12 through A-18** (APP 101 – APP 0113), **Exhibits A-20 through A-27** (APP 125 – APP 140), **Exhibits A-29 through A-32** (APP 152 – APP 159), **Exhibits A-34 through A-46** (APP 071 – APP 196), **Exhibits A-48 through A-**

---

[60] APP 022 – APP 023, Argue Aff. at ¶ 57.

**51** (APP 208 – APP 215), **Exhibits A-53 through A-59** (APP 227 – APP 0240), **Exhibits A-61 through A-65** (APP 252 – APP 261) and **Exhibits A-67 through A-69** (APP 273 – APP 278)). IMSG accepted these goods, materials, and services and became bound to pay Ozzie's the stated charges pursuant to the Rental Contracts.  But IMSG refused to pay Ozzie's for the goods, materials, and services Ozzie's provided to IMSG, totaling $509,696.42 (which includes interest through May 31, 2021), plus additional interest, attorneys' fees, costs, and expenses. Therefore, Ozzie's is compelled to make this liquidated money demand founded upon the business dealings between Ozzie's and IMSG on which a systematic record has been kept.[61]  As evidence of this record, Ozzie's invoiced IMSG as follows:

### OZZIE'S INVOICES TO IMSG:

| Contracts 1 and 2:  046 and 053 Contracts | | | | | | |
|---|---|---|---|---|---|---|
| Exhibit No. | Invoice No. | Invoice Date | Amount Invoiced | Amount Unpaid | Accrued Interest | Outstanding Amount |
| A-2 | SI310628 | 09/01/2019 | $14,875.00 | $14,875.00 | $1,881.58 | $16,756.58 |
| A-3 | SI310720 | 10/01/2020 | $14,875.00 | $14,875.00 | $1,633.94 | $16,508.94 |
| A-4 | SI310817 | 11/01/2020 | $14,875.00 | $14,875.00 | $1,389.97 | $16,264.97 |
| A-5 | SI310902 | 12/01/2021 | $14,875.00 | $14,875.00 | $1,149.60 | $16,024.60 |
| A-6 | SI31116 | 01/01/2021 | $14,875.00 | $14,875.00 | $921.78 | $15,787.78 |
| A-7 | SI31119 | 02/01/2021 | $14,875.00 | $14,875.00 | $679.47 | $15,554.47 |

---

[61] APP 024, Argue Aff. at ¶ 60.

| A-8 | SI311246 | 05/06/2021 | $1,556.03 | $1,556.03 | - | $1,556.03 |
| A-9 | SI311244 | 05/11/2021 | $8,147.29 | $8,147.29 | - | $8,147.29 |
| | | Sub-Totals | $98,953.32 | $98,953.32 | 7,647.34 | $106,600.66 |
| | | | | | **Total Due** | **$106,600.66** |

| Contract 3:  072 Contract | | | | | | |
|---|---|---|---|---|---|---|
| **Exhibit No.** | **Invoice No.** | **Invoice Date** | **Amount Invoiced** | **Amount Unpaid** | **Accrued Interest** | **Outstanding Amount** |
| A-12 | SI310641 | 9/1/2020 | $9,031.25 | $9,031.25 | $1,142.39 | $10,173.64 |
| A-13 | SI310730 | 10/1/2020 | $9,031.25 | $9,031.25 | $992.04 | $10,023.29 |
| A-14 | SI310819 | 11/1/2020 | $9,031.25 | $9,031.25 | $843.91 | $9,875.16 |
| A-15 | SI310906 | 12/1/2020 | $9,031.25 | $9,031.25 | $697.97 | $9,729.22 |
| A-16 | SI311117 | 1/1/2021 | $9,031.25 | $9,031.25 | $554.19 | $9,585.44 |
| A-17 | SI311118 | 2/1/2021 | $9,031.25 | $9,031.25 | $412.53 | $9,443.78 |
| A-18 | SI311245 | 5/4/2021 | $7,639.23 | $7,639.23 | - | $7,639.23 |
| | | **Sub-Total** | **$61,826.73** | **$61,826.73** | **$4,643.03** | **$66,469.76** |
| | | | | | **Total Due** | **$66,469.76** |

| Contract 4:  056 Contract | | | | | | |
|---|---|---|---|---|---|---|
| Exhibit No. | Invoice No. | Invoice Date | Amount Invoiced | Amount Unpaid | Accrued Interest | Outstanding Amount |
| A-20 | SI310629 | 9/1/2020 | $7,968.75 | $7,968.75 | $1,007.99 | $8,976.74 |
| A-21 | SI310721 | 10/1/2020 | $7,968.75 | $7,968.75 | $875.33 | $8,844.08 |
| A-22 | SI310818 | 11/1/2020 | $7,968.75 | $7,968.75 | $744.63 | $8,713.38 |
| A-23 | SI310903 | 12/1/2020 | $7,968.75 | $7,968.75 | $615.86 | $8,584.61 |
| A-24 | SI311121 | 1/1/2021 | $8,048.44 | $8,048.44 | $493.88 | $8,542.32 |
| A-25 | SI311122 | 2/1/2021 | $8,048.44 | $8,048.44 | $367.64 | $8,416.08 |
| A-26 | SI311105 | 3/5/2021 | $2,843.78 | $2,843.78 | $85.95 | $2,929.73 |
| A-27 | SI311123 | 3/5/2021 | $3,020.63 | $3,020.63 | $91.30 | $3,111.93 |
| | | **Sub-Total** | **$53,836.29** | **$53,836.29** | **$4,282.57** | **$58,118.86** |
| | | | | | **Total Due** | **$58,118.86** |

| | | | Contract 5:  073 Contract | | | |
|---|---|---|---|---|---|---|
| Exhibit No. | Invoice No. | Invoice Date | Amount Invoiced | Amount Unpaid | Accrued Interest | Outstanding Amount |
| A-29 | SI310786 | 10/1/2020 | $4,964.15 | $4,964.15 | $545.29 | $5,509.4 |
| A-30 | SI310745 | 10/5/2020 | $4,525.00 | $4,525.00 | $497.05 | $5,022.05 |
| A-31 | SI310813 | 10/7/2020 | $1,013.81 | $1,013.81 | $107.20 | $1,121.01 |
| A-32 | SI310772 | 10/14/2020 | $1,927.65 | $1,927.65 | $203.84 | $2,131.49 |
| | | **Sub-Total** | **$12,430.61** | **$12,430.61** | **$1,353.38** | **$13,783.99** |
| | | | | | **Total Due** | **$13,783.99** |

| | | | Contract 6:  078 Contract – Job MR20.16-343 | | | |
|---|---|---|---|---|---|---|
| Exhibit No. | Invoice No. | Invoice Date | Amount Invoiced | Amount Unpaid | Accrued Interest | Outstanding Amount |
| A-34 | SI310655 | 9/1/2020 | $26,937.50 | $26,937.50 | $3,407.39 | $30,344.89 |
| A-35 | SI310692 | 9/24/2020 | $1,243.11 | $1,243.11 | $141.72 | $1,384.83 |
| A-36 | SI310746 | 10/1/2020 | $26,937.50 | $25,815.10[62] | $2,835.66 | $28,650.76 |

---

[62] Credit Memo SOC301634, in the amount of $1,122.40, was applied to this invoice.  A true and correct copy of Credit Memo Number SOC301634 is attached hereto as **Exhibit A-37** (APP 178).

| A-37 | SOC301 634 | 10/27/20 | ($1,122.40) | | | |
| A-38 | SI310856 | 11/2/2020 | $3,952.50 | $3,952.50 | $369.33 | $4,321.83 |
| | | **Sub-Total** | **$57,948.21** | **$57,948.21** | **$6,754.11** | **$64,702.32** |
| **Contract 6:  078 Contract – Job MR20.30-343** | | | | | | |
| A-39 | SI310804 | 10/29/2020 | $1,122.40 | $1,122.40 | $109.48 | $1,231.88 |
| A-40 | SI310843 | 11/1/2020 | $26,937.50 | $26.937.50 | $2,517.13 | $29,454.63 |
| A-41 | SI310849 | 11/24/2020 | $3,016.46 | $3,016.46 | $281.87 | $3,298.36 |
| A-42 | SI310922 | 12/1/2020 | $26,937.50 | $26,937.50 | $2,081.84 | $29,019.34 |
| A-43 | SI310993 | 1/13/2021 | $346.12 | $346.12 | $18.52 | $364.64 |
| A-44 | SI311070 | 2/23/2021 | $2,550.00 | $2,550.00 | $86.93 | $2,636.93 |
| A-45 | SI311124 | 2/23/2021 | $22,356.77 | $22,356.77 | $762.11 | $23,118.88 |
| A-46 | SI311125 | 2/23/2021 | $26,828.13 | $26,828.13 | $914.53 | $27,742.66 |
| | | **Sub-Total** | **$110,094.91** | **$110,094.61** | **$6,772.40** | **$116,867.31** |
| | | | | | **Total Due** | **$181,569.63** |

| | | | Contract 7: 092 Contract | | | |
|---|---|---|---|---|---|---|
| Exhibit No. | Invoice No. | Invoice Date | Amount Invoiced | Amount Unpaid | Accrued Interest | Outstanding Amount |
| A-48 | SI310519 | 8/11/2020 | $5,937.50 | $5,937.50 | $826.30 | $6,763.80 |
| A-49 | SI310731 | 10/1/2020 | $7,500.00 | $3,125.00[63] | $343.27 | $3,468.27 |
| A-50 | SOC301628 | 10/12/2020 | ($4,375.00) | | | |
| A-51 | SI310716 | 10/19/2020 | $3,250.00 | $3,250.00 | $330.34 | $3,580.34 |
| | | **Sub-Total** | **$12,312.50** | **$12,312.50** | **$1,499.90** | **$13,812.406** |
| | | | | | **Total Due** | **$13,812.40** |

| | | | Contract 8: 098 Contract | | | |
|---|---|---|---|---|---|---|
| Exhibit No. | Invoice No. | Invoice Date | Amount Invoiced | Amount Unpaid | Accrued Interest | Outstanding Amount |
| A-53 | SI310598 | 8/22/2020 | $4,250.00 | $4,250.00 | $537.50 | $4,823.50 |
| A-54 | SI310621 | 8/24/2020 | $7,291.67 | $7,291.67 | $953.14 | $8,244.81 |
| A-55 | SI310660 | 9/1/2020 | $25,000.00 | $25,000.00 | $3,162.31 | $28,162.31 |

---

[63] Credit Memo SOC301628, in the amount of $4,375.00, was applied to this invoice.  A true and correct copy of Credit Memo Number SOC301634 is attached hereto as **Exhibit A-50** (APP 213).

| A-56 | SI310751 | 10/1/2020 | $1,041.67 | $1,041.67 | $114.42 | $1,156.09 |
| A-57 | SI310763 | 10/8/2020 | $2,328.26 | $2,328.26 | $246.20 | $2,574.46 |
| A-58 | SI310766 | 10/8/2020 | $4,250.00 | $4,250.00 | $449.41 | $4,699.41 |
| A-59 | SI310779 | 10/12/2020 | $930.68 | $930.68 | $98.41 | $1,029.09 |
| | | **Sub-Total** | **$45,092.28** | **$45,092.28** | **$5,597.41** | **$50,689.69** |
| | | | | | **Total Due** | **$50,689.69** |

| Contract 9:  003 Contract | | | | | | |
|---|---|---|---|---|---|---|
| Exhibit No. | Invoice No. | Invoice Date | Amount Invoiced | Amount Unpaid | Accrued Interest | Outstanding Amount |
| A-61 | SI310999 | 1/15/2021 | $5,000.00 | $5,000.00 | $267.60 | $5,267.60 |
| A-62 | SI311002 | 1/15/2021 | $2,041.67 | $2,041.67 | $109.27 | $2,150.94 |
| A-63 | SI311026 | 2/1/2021 | $3,500.00 | $3,500.00 | $159.87 | $3,659.87 |
| A-64 | SI311086 | 3/4/2021 | $583.33 | $583.33 | $17.63 | $600.96 |
| A-65 | SI311109 | 3/4/2021 | $2,500.00 | $2,500.00 | $75.56 | $2,575.56 |
| | | **Sub-Total** | **$13,625.00** | **$13,625.00** | **$629.94** | **$14,254.94** |
| | | | | | **Total Due** | **$14,254.94** |

| Contract 10: 004 Contract | | | | | | |
|---|---|---|---|---|---|---|
| Exhibit No. | Invoice No. | Invoice Date | Amount Invoiced | Amount Unpaid | Accrued Interest | Outstanding Amount |
| A-67 | SI311025 | 2/1/2021 | $3,500.00 | $1,166.67 | $53.29 | $1,219.96 |
| A-68 | SI311085 | 3/4/2021 | $583.33 | $583.33 | $17.63 | $600.96 |
| A-69 | SI311108 | 3/4/2021 | $2,500.00 | $2,500.00 | $75.56 | $2,575.56 |
| | | **Sub-Total** | **$6,583.33** | **$4,250.00** | **$146.49** | **$4,396.49** |
| | | | | | **Total Due** | **$4,396.49** |

76.     As of May 31, 2021, after all lawful offsets and credits have been accounted for, an outstanding balance of $509,696.42 ($106,600.66 + $66,469.76 + $58,118.86 + $13,783.99 + $64,702.32 + $116,867.31 + $13,812.40 +  $50,689.69 + $14,254.94 + $4,396.49)) remains due and owing to Ozzie's by IMSG, as set forth in the summary of the account and the amount IMSG owes Ozzie's (which is attached hereto as **Exhibit A-71** (APP 285 – APP 287) for the goods, materials, and services Ozzie's provided to IMSG pursuant to the Rental Contracts (which are attached as **Exhibit A-1** (APP 046 – APP 056), **Exhibit A-10** (APP 078 – APP 088), **Exhibit A-11** (APP 089 – APP 099), **Exhibit A-19** (APP 114 – APP 124), **Exhibit A-28** (APP 141 – APP 151), **Exhibit A-33** (APP 160 – APP 170), **Exhibit A-47** (APP 197 – APP 207), **Exhibit A-52** (APP 216 – APP 226), **Exhibit A-60** (APP 241 – APP 251), **Exhibit A-66** (APP 266 – APP 276) and in the invoices (and two credit memos) Ozzie's sent to IMSG (attached as **Exhibits A-2 through A-9** (APP 062 – APP 077), **Exhibits A-12 through A-18** (APP 101 – APP 0113), **Exhibits A-20 through A-27** (APP 125 – APP 140), **Exhibits A-29 through A-32** (APP 152 –

APP 159), **Exhibits A-34 through A-46** (APP 071 – APP 196), **Exhibits A-48 through A-51** (APP 208 – APP 215), **Exhibits A-53 through A-59** (APP 227 – APP 0240), **Exhibits A-61 through A-65** (APP 252 – APP 261), and **Exhibits A-67 through A-69** (APP 273 – APP 278)). This amount is just and true, and is due; all just and lawful offsets, payments, and credits have been allowed, and this account is just and true.[64]

77.     Ozzie's attaches hereto **Exhibits A-2 through A-9** (APP 062 – APP 077), **Exhibits A-12 through A-18** (APP 101 – APP 0113), **Exhibits A-20 through A-27** (APP 125 – APP 140), **Exhibits A-29 through A-32** (APP 152 – APP 159), **Exhibits A-34 through A-46** (APP 071 – APP 196), **Exhibits A-48 through A-51** (APP 208 – APP 215), **Exhibits A-53 through A-59** (APP 227 – APP 0240), **Exhibits A-61 through A-65** (APP 252 – APP 261), and **Exhibits A-67 through A-69** (APP 273 – APP 278), which are a true and correct copy of the invoices (and two credit memos) Ozzie's sent to IMSG (*i.e.*, the records of the account), and incorporates them herein by reference.

78.     Ozzie's also attaches hereto as **Exhibit A** (APP 001 – 045) the Affidavit of Christopher Argue—Ozzie's Vice-President and Chief Operating Officer—verifying that IMSG owes Ozzie's a liquidated debt of $509,696.42 (which includes interest through May 31, 2021), plus additional interest, attorneys' fees, costs, and expenses, and incorporates the Affidavit herein by reference.  Mr. Argue is a person whose statement was taken before an officer authorized to administer oaths to the effect that Ozzie's claims are just, true, within the knowledge of the affiant, the amounts claimed are due, and all just and lawful offsets, payments, and credits have been allowed.  Mr. Argue is a custodian of Ozzie's records attached hereto, and is familiar with the manner in which the records were created and maintained by Ozzie's by virtue of Mr. Argue's

---

[64] APP 031, Argue Aff. at ¶ 61.

duties and responsibilities as Ozzie's Vice-President and Chief Operating Officer.  The records attached hereto are exact duplicates of the original records, unless stated otherwise.  It was the regular practice of Ozzie's to make the types of records attached hereto at or near the time of each act, event, condition, and/or opinion set forth therein.  The records attached hereto were kept by Ozzie's in the course of a regularly conducted business activity, and it is the regular practice of the business activity of Ozzie's to make the records attached hereto.[65]

79.    Ozzie's attaches hereto **Exhibits A-2 through A-9** (APP 062 – APP 077), **Exhibits A-12 through A-18** (APP 101 – APP 0113), **Exhibits A-20 through A-27** (APP 125 – APP 140), **Exhibits A-29 through A-32** (APP 152 – APP 159), **Exhibits A-34 through A-46** (APP 071 – APP 196), **Exhibits A-48 through A-51** (APP 208 – APP 215), **Exhibits A-53 through A-59** (APP 227 – APP 0240), **Exhibits A-61 through A-65** (APP 252 – APP 261), and **Exhibits A-67 through A-69** (APP 273 – APP 278), which detail the transactions between Ozzie's and IMSG for which IMSG owes outstanding amounts to Ozzie's.  Attached hereto as **Exhibit A-71** (APP 285 – APP 287) is a true and correct summary of Ozzie's account statement for IMSG showing all amounts IMSG owes Ozzie's, which Ozzie's hereby incorporates by reference.

80.    With Invoice Number SI310628, dated September 1, 2020, attached hereto as **Exhibit A-2** (APP 063), Ozzie's billed IMSG $14,875.00 for IMSG's rental of an Allu DH3-17TS padding bucket and an Allu DN2-12TS padding bucket. IMSG failed to pay $14,875.00 of the $14,875.00 Ozzie's billed to IMSG with Invoice Number SI30628.[66]

81.    With Invoice Number SI310720, dated October 1, 2020, attached hereto as **Exhibit A-3** (APP 065), Ozzie's billed IMSG $14,875.00 for IMSG's rental of an Allu DH3-17TS padding

---

[65] APP 044, Argue Aff. at ¶ 125.
[66] APP 032, Argue Aff. at ¶ 64.

bucket and an Allu DN2-12TS padding bucket. IMSG failed to pay $14,875.00 of the $14,875.00 Ozzie's billed to IMSG with Invoice Number SI310720.[67]

82.     With Invoice Number SI310817, dated November 1, 2020, attached hereto as **Exhibit A-4** (APP 067), Ozzie's billed IMSG $14,875.00 for IMSG's rental of an Allu DH3-17TS padding bucket and an Allu DN2-12TS padding bucket.  IMSG failed to pay $14,875.00 of the $14,875.00 Ozzie's billed to IMSG with Invoice Number SI310817.[68]

83.     With Invoice Number SI310902, dated December 1, 2021, attached hereto as **Exhibit A-5** (APP 069), Ozzie's billed IMSG $14,875.00 for IMSG's rental of an Allu DH3-17TS padding bucket and an Allu DN2-12TS padding bucket.  IMSG failed to pay $14,875.00 of the $14,875.00 Ozzie's billed to IMSG with Invoice Number SI30902.[69]

84.     With Invoice Number SI31116, dated January 1, 2021, attached hereto as **Exhibit A-6** (APP 071), Ozzie's billed IMSG $14,875.00 for IMSG's rental of an Allu DH3-17TS padding bucket and an Allu DN2-12TS padding bucket.  IMSG failed to pay $14,875.00 of the $14,875.00 Ozzie's billed to IMSG with Invoice Number SI31116.[70]

85.     With Invoice Number SI31119, dated February 1, 2021, attached hereto as **Exhibit A-7** (APP 073), Ozzie's billed IMSG $14,875.00 for IMSG's rental of an Allu DH3-17TS padding bucket and an Allu DN2-12TS padding bucket.  IMSG failed to pay $14,875.00 of the $14,875.00 Ozzie's billed to IMSG with Invoice Number SI31119.[71]

86.     With Invoice Number SI311246, dated May 6, 2021, attached hereto as **Exhibit A-8** (APP 075), Ozzie's billed IMSG $1,556.03 for repossession of the Allu DH3-17TS and Allu

---

[67] APP 032, Argue Aff. at ¶ 65.
[68] APP 032 – APP 033, Argue Aff. at ¶ 66.
[69] APP 033, Argue Aff. at ¶ 67.
[70] APP 033, Argue Aff. at ¶ 68.
[71] APP 033, Argue Aff. at ¶ 69.

DN2-12TS padding buckets from Encino, New Mexico. IMSG failed to pay $1,556.03 of the $1,556.03 Ozzie's billed to IMSG with Invoice Number SI311246.[72]

87. With Invoice Number SI311244, dated May 11, 2021, attached hereto as **Exhibit A-9** (APP 077), Ozzie's billed IMSG $8,147.29, for cleaning, labor, charge-back and environmental fees related to the Allu DH3-17TS and Allu DN2-12TS padding buckets. IMSG failed to pay $8,147.29 of the $8,147.29 Ozzie's billed to IMSG with Invoice Number SI311244.[73]

88. With Invoice Number SI310641, dated September 1, 2020, attached hereto as **Exhibit A-12** (APP 101), Ozzie's billed IMSG $9,031.25 for IMSG's rental of an Allu DH3-17TS padding bucket. IMSG failed to pay $9,031.25 of the $9,031.25 Ozzie's billed to IMSG with Invoice Number SI310641.[74]

89. With Invoice Number SI310730, dated October 1, 2020, attached hereto as **Exhibit A-13** (APP 103), Ozzie's billed IMSG $9,031.25 for IMSG's rental of an Allu DH3-17TS padding bucket. IMSG failed to pay $9,031.25 of the $9,031.25 Ozzie's billed to IMSG with Invoice Number SI310730.[75]

90. With Invoice Number SI310819, dated November 1, 2020, attached hereto as **Exhibit A-14** (APP 105), Ozzie's billed IMSG $9,031.25 for IMSG's rental of an Allu DH3-17TS padding bucket. IMSG failed to pay $9,031.25 of the $9,031.25 Ozzie's billed to IMSG with Invoice Number SI310819.[76]

91. With Invoice Number SI310906, dated December 1, 2020, attached hereto as **Exhibit A-15** (APP 107), Ozzie's billed IMSG $9,031.25 for IMSG's rental of an Allu DH3-17TS

---

[72] APP 033, Argue Aff. at ¶ 70.
[73] APP 033, Argue Aff. at ¶ 71.
[74] APP 034, Argue Aff. at ¶ 72.
[75] APP 034, Argue Aff. at ¶ 73.
[76] APP 034, Argue Aff. at ¶ 74.

padding bucket.  IMSG failed to pay $9,031.25 of the $9,031.25 Ozzie's billed to IMSG with Invoice Number SI310906.[77]

92.     With Invoice Number SI311117, dated January 1, 2021, attached hereto as **<u>Exhibit A-16</u>** (APP 109), Ozzie's billed IMSG $9,031.25 for IMSG's rental of an Allu DH3-17TS padding bucket.  IMSG failed to pay $9,031.25 of the $9,031.25 Ozzie's billed to IMSG with Invoice Number SI311117.[78]

93.     With Invoice Number SI311118, dated February 1, 2021, attached hereto as **<u>Exhibit A-17</u>** (APP 111), Ozzie's billed IMSG $9,031.25 for IMSG's rental of an Allu DH3-17TS padding bucket.  IMSG failed to pay $9,031.25 of the $9,031.25 Ozzie's billed to IMSG with Invoice Number SI311118.[79]

94.     With Invoice Number SI311245, dated May 5, 2021, attached hereto as **<u>Exhibit A-18</u>** (APP 113), Ozzie's billed IMSG $7,639.23 for fuel, labor, and environmental fees related to an Allu DH3-17TS padding bucket.  IMSG failed to pay $7,639.23 of the $7,639.23 Ozzie's billed to IMSG with Invoice Number SI311245.[80]

95.     With Invoice Number SI310629, dated September 1, 2020, attached hereto as **<u>Exhibit A-20</u>** (APP 126), Ozzie's billed IMSG $7,968.75 for IMSG's rental of an Allu DN3-12TS padding bucket.  IMSG failed to pay $7,968.75 of the $7,968.75 Ozzie's billed to IMSG with Invoice Number SI30629.[81]

96.     With Invoice Number SI310721, dated October 1, 2020, attached hereto as **<u>Exhibit A-21</u>** (APP 128), Ozzie's billed IMSG $7,968.75 for IMSG's rental of an Allu DN3-12TS padding

---

[77] APP 034, Argue Aff. at ¶ 75.
[78] APP 034, Argue Aff. at ¶ 76.
[79] APP 034 – APP 035, Argue Aff. at ¶ 77.
[80] APP 035, Argue Aff. at ¶ 78.
[81] APP 035, Argue Aff. at ¶ 79.

bucket.  IMSG failed to pay $7,968.75 of the $7,968.75 Ozzie's billed to IMSG with Invoice Number SI30721.[82]

97.     With Invoice Number SI310818, dated November 1, 2020, attached hereto as **Exhibit A-22** (APP 130), Ozzie's billed IMSG $7,968.75 for IMSG's rental of an Allu DN3-12TS padding bucket.  IMSG failed to pay $7,968.75 of the $7,968.75 Ozzie's billed to IMSG with Invoice Number SI30721.[83]

98.     With Invoice Number SI310903, dated December 1, 2020, attached hereto as **Exhibit A-23** (APP 132), Ozzie's billed IMSG $7,968.75 for IMSG's rental of an Allu DN3-12TS padding bucket.  IMSG failed to pay $7,968.75 of the $7,968.75 Ozzie's billed to IMSG with Invoice Number SI30903.[84]

99.     With Invoice Number SI311121, dated January 1, 2021, attached hereto as **Exhibit A-24** (APP 135), Ozzie's billed IMSG $8,048.44 for IMSG's rental of an Allu DN3-12TS padding bucket.  IMSG failed to pay $8,048.44 of the $8,048.44 Ozzie's billed to IMSG with Invoice Number SI311121.[85]

100.    With Invoice Number SI311122, dated February 1, 2021, attached hereto as **Exhibit A-25** (APP 136), Ozzie's billed IMSG $8,048.44 for IMSG's rental of an Allu DN3-12TS padding bucket.  IMSG failed to pay $8,048.44 of the $8,048.44 Ozzie's billed to IMSG with Invoice Number SI311122.[86]

101.    With Invoice Number SI311105, dated March 5, 2021, attached hereto as **Exhibit A-26** (APP 138), Ozzie's billed IMSG $2,843.78 for the repossession of the Allu DN3-12TS

---

[82] APP 035, Argue Aff. at ¶ 80.
[83] APP 035, Argue Aff. at ¶ 81.
[84] APP 035, Argue Aff. at ¶ 82.
[85] APP 035 – APP 036, Argue Aff. at ¶ 83.
[86] APP 036, Argue Aff. at ¶ 84.

padding bucket.  IMSG failed to pay $2,843.78 of the $2,843.78 Ozzie's billed to IMSG with Invoice Number SI311105.[87]

102.    With Invoice Number SI311123, dated March 5, 2021, attached hereto as **Exhibit A-27** (APP 140), Ozzie's billed IMSG $3,020.63 for certain charge-backs, cleaning, and labor related to IMSG's rental of an Allu DN3-12TS padding bucket.  IMSG failed to pay $3,020.63 of the $3,3020.63 Ozzie's billed to IMSG with Invoice Number SI311123.[88]

103.    With Invoice Number SI310786, dated October 1, 2020, attached hereto as **Exhibit A-29** (APP 153), Ozzie's billed IMSG $4,964.15 for mileage, labor, shop supplies, and other parts related to a Mini-Padder backfill machine rented by IMSG's from Ozzie's.  IMSG failed to pay $4,964.15 of the $4,964.15 Ozzie's billed to IMSG with Invoice Number SI310786.[89]

104.    With Invoice Number SI310745, dated October 5, 2020, attached hereto as **Exhibit A-30** (APP 155), Ozzie's billed IMSG $4,525.00 for IMSG's rental of a Mini Padder backfill machine.  IMSG failed to pay $4,525.00 of the $4,525.00 Ozzie's billed to IMSG with Invoice Number SI310745.[90]

105.    With Invoice Number SI310813, dated October 7, 2020, attached hereto as **Exhibit A-31** (APP 157), Ozzie's billed IMSG $1,013.81 for fuel, labor, and other parts related to a Mini-Padder backfill machine rented by IMSG's from Ozzie's.  IMSG failed to pay $1,013.81 of the $1,013.81 Ozzie's billed to IMSG with Invoice Number SI310813.[91]

106.    With Invoice Number SI310772, dated October 14, 2020, attached hereto as **Exhibit A-32** (APP 159), Ozzie's billed IMSG $1,927.65 for the demobilization of a Mini-Padder

---

[87] APP 036, Argue Aff. at ¶ 85.
[88] APP 036, Argue Aff. at ¶ 86.
[89] APP 036, Argue Aff. at ¶ 87.
[90] APP 036, Argue Aff. at ¶ 88.
[91] APP 036 – APP 037, Argue Aff. at ¶ 89.

backfill machine rented by IMSG from Ozzie's.  IMSG failed to pay $1,927.65 of the $1,927.65 Ozzie's billed to IMSG with Invoice Number SI310772.[92]

107.    With Invoice Number SI310655, dated September 1, 2020, attached hereto as **Exhibit A-34** (APP 172), Ozzie's billed IMSG $26,937.50 for IMSG's rental of a Mini-Padder backfill separation machine.  IMSG failed to pay $26,937.50 of the $26,937.50 Ozzie's billed to IMSG with Invoice Number SI30655.[93]

108.    With Invoice Number SI310692, dated September 24, 2020, attached hereto as **Exhibit A-35** (APP 174), Ozzie's billed IMSG $1,243.11 for replacement parts for a Mini-Padder backfill separation machine rented by IMSG.  IMSG failed to pay $1,243.11 of the $1,243.11 Ozzie's billed to IMSG with Invoice Number SI30692.[94]

109.    With Invoice Number SI310746, dated October 1, 2020, attached hereto as **Exhibit A-36** (APP 176), Ozzie's billed IMSG $26,937.50 for IMSG's rental of a Mini-Padder backfill separation machine.  Credit Memo SOC301634, in the amount of $1,122.40, was applied to this invoice, thus reducing the amount IMSG owed to Ozzie's under Invoice Number SI310746 to $25,815.10.   IMSG failed to pay $25,815.10 of the $25,815.10 remaining on Invoice Number SI310746 that Ozzie's billed to IMSG.[95] Credit Memo SOC301634 is attached hereto as **Exhibit A-37** (APP 178).

110.    With Invoice Number SI310856, dated November 2, 2020, attached hereto as **Exhibit A-38** (APP 180), Ozzie's billed IMSG $3,952.50 for the demobilization of a Mini-Padder

---

[92] APP 037, Argue Aff. at ¶ 90.
[93] APP 037, Argue Aff. at ¶ 91.
[94] APP 037, Argue Aff. at ¶ 92.
[95] APP 037, Argue Aff. at ¶ 93.

backfill separation machine rented by IMSG. IMSG failed to pay $3,952.50 of the $3,952.50 Ozzie's billed to IMSG with Invoice Number SI30856.[96]

111.   With Invoice Number SI310804, dated October 29, 2020, attached hereto as **Exhibit A-39** (APP 182), Ozzie's billed IMSG $1,122.40 for IMSG's one-day rental of a Mini-Padder backfill separation machine. IMSG failed to pay $1,122.40 of the $1,122.40 Ozzie's billed to IMSG with Invoice Number SI30804.[97]

112.   With Invoice Number SI310843, dated November 1, 2020, attached hereto as **Exhibit A-40** (APP 184), Ozzie's billed IMSG $26,937.50 for IMSG's rental of a Mini-Padder backfill separation machine. IMSG failed to pay $26,937.50 of the $26,937.50 Ozzie's billed to IMSG with Invoice Number SI30843.[98]

113.   With Invoice Number SI310849, dated November 2, 2020, attached hereto as **Exhibit A-41** (APP 186), Ozzie's billed IMSG $3,016.46 for certain replacement parts to a Mini-Padder backfill separation machine rented by IMSG. IMSG failed to pay $3,016.46 of the $3,016.46 Ozzie's billed to IMSG with Invoice Number SI30849.[99]

114.   With Invoice Number SI310922, dated December 1, 2020, attached hereto as **Exhibit A-42** (APP 188), Ozzie's billed IMSG $26,937.50 for IMSG's rental of a Mini-Padder backfill separation machine. IMSG failed to pay $26,937.50 of the $26,937.50 Ozzie's billed to IMSG with Invoice Number SI30922.[100]

115.   With Invoice Number SI310993, dated January 13, 2021, attached hereto as **Exhibit A-43** (APP 190), Ozzie's billed IMSG $346.12 for certain replacement parts to a Mini-

---

[96] APP 037 – APP 038, Argue Aff. at ¶ 94.
[97] APP 038, Argue Aff. at ¶ 95.
[98] APP 038, Argue Aff. at ¶ 96.
[99] APP 038, Argue Aff. at ¶ 97.
[100] APP 038, Argue Aff. at ¶ 98.

Padder backfill separation machine rented by IMSG.  IMSG failed to pay $346.12 of the $346.12 Ozzie's billed to IMSG with Invoice Number SI30993.[101]

116.   With Invoice Number SI311070, dated February 23, 2021, attached hereto as **Exhibit A-44** (APP 192), Ozzie's billed IMSG $2,550.00 for the demobilization of a Mini-Padder backfill separation machine.  IMSG failed to pay $2,550.00 of the $2,550.00 Ozzie's billed to IMSG with Invoice Number SI311070.[102]

117.   With Invoice Number SI311124, dated February 23, 2021, attached hereto as **Exhibit A-45** (APP 194), Ozzie's billed IMSG $22,356.77 for IMSG's rental of a Mini-Padder backfill separation machine.  IMSG failed to pay $22,356.77 of the $22,356.77 Ozzie's billed to IMSG with Invoice Number SI311124.[103]

118.   With Invoice Number SI311125, dated February 23, 2021, attached hereto as **Exhibit A-46** (APP 196), Ozzie's billed IMSG $26,828.13 for IMSG's rental of a Mini-Padder backfill separation machine.  IMSG failed to pay $26,828.13 of the $28,828.13 Ozzie's billed to IMSG with Invoice Number SI311125.[104]

119.   With Invoice Number SI310519, dated August 11, 2020, attached hereto as **Exhibit A-48** (APP 209), Ozzie's billed IMSG $5,937.50 for IMSG's rental of an Allu DN3-12TS padding bucket.  IMSG failed to pay $5,937.50 of the $5,937.50 Ozzie's billed to IMSG with Invoice Number SI310519.[105]

120.   With Invoice Number SI310731, dated October 1, 2020, attached hereto as **Exhibit A-49** (APP 211), Ozzie's billed IMSG $7,500 for IMSG's rental of an Allu DN3-12TS padding

---

[101] APP 038, Argue Aff. at ¶ 99.
[102] APP 038 – APP 039, Argue Aff. at ¶ 100.
[103] APP 039, Argue Aff. at ¶ 101.
[104] APP 039, Argue Aff. at ¶ 102.
[105] APP 039, Argue Aff. at ¶ 103.

bucket.  Credit Memo SOC301628, in the amount of $4,375.00, was applied to this invoice, thus reducing the amount IMSG owed to Ozzie's under Invoice Number SI310731 to $3,125.00.  IMSG failed to pay $3,125.00 of the $3,125.00 remaining on Invoice Number SI310731 that Ozzie's billed to IMSG.[106]  Credit Memo SOC301628 is attached hereto as **Exhibit A-50** (APP 213).

121.    With Invoice Number SI310716, dated October 19, 2020, attached hereto as **Exhibit A-51** (APP 215), Ozzie's billed IMSG $3,250.00 for the demobilization of an Allu DN3-12TS padding bucket rented by IMSG.  IMSG failed to pay $3,250.00 of the $3,250.00 Ozzie's billed to IMSG with Invoice Number SI310716.[107]

122.    With Invoice Number SI310598, dated August 22, 2020, attached hereto as **Exhibit A-53** (APP 228), Ozzie's billed IMSG $4,250 for IMSG's rental of a Mini-Padder backfill separation machine.   IMSG failed to pay $4,250.00 of the $4,250.00 Ozzie's billed to IMSG with Invoice Number SI310598.[108]

123.    With Invoice Number SI310621, dated August 24, 2020, attached hereto as **Exhibit A-54** (APP 230), Ozzie's billed IMSG $7,291.67 for IMSG's one-day rental of a Mini-Padder backfill separation machine.  IMSG failed to pay $7,291.67 of the $7,291.67 Ozzie's billed to IMSG with Invoice Number SI310621.[109]

124.    With Invoice Number SI310660, dated September 1, 2020, attached hereto as **Exhibit A-55** (APP 232), Ozzie's billed IMSG $25,000.00 for IMSG's rental of a Mini-Padder backfill separation machine.  IMSG failed to pay $25,000.00 of the $25,000.00 Ozzie's billed to IMSG with Invoice Number SI310660.[110]

---

[106] APP 039 Argue Aff. at ¶ 104.
[107] APP 039 – APP 040, Argue Aff. at ¶ 105.
[108] APP 040, Argue Aff. at ¶ 106.
[109] APP 040, Argue Aff. at ¶ 107.
[110] APP 040, Argue Aff. at ¶ 108.

125.    With Invoice Number SI310751, dated October 1, 2020, attached hereto as **<u>Exhibit</u>** **<u>A-56</u>** (APP 234), Ozzie's billed IMSG $1,041.67 for IMSG's rental of a Mini-Padder backfill separation machine.  IMSG failed to pay $1,041.67 of the $1,041.67 Ozzie's billed to IMSG with Invoice Number SI310751.[111]

126.    With Invoice Number SI310763, dated October 8, 2020, attached hereto as **<u>Exhibit</u>** **<u>A-57</u>** (APP 236), Ozzie's billed IMSG $2,328.26 for certain replacement parts for a Mini-Padder backfill separation machine rented by IMSG.  IMSG failed to pay $2,328.26 of the $2,328.26 Ozzie's billed to IMSG with Invoice Number SI310763.[112]

127.    With Invoice Number SI310766, dated October 8, 2020, attached hereto as **<u>Exhibit</u>** **<u>A-58</u>** (APP 238), Ozzie's billed IMSG $4,250.00 for the demobilization of a Mini-Padder backfill separation machine rented by IMSG.   IMSG failed to pay $4,250.00 of the $4,250.00 Ozzie's billed to IMSG with Invoice Number SI310766.[113]

128.    With Invoice Number SI310778, dated October 12, 2020, attached hereto as **<u>Exhibit A-59</u>** (APP 140), Ozzie's billed IMSG $930.68 for certain replacement parts and fuel related to a Mini-Padder backfill separation machine rented by IMSG.  IMSG failed to pay $930.68 of the $930.68 Ozzie's billed to IMSG with Invoice Number SI310779.[114]

129.    With Invoice Number SI310999, dated January 15, 2021, attached hereto as **<u>Exhibit A-61</u>** (APP 253), Ozzie's billed IMSG $5,000.00 for IMSG's rental of an Allu DL2-12TS padding bucket.  IMSG failed to pay $5,000.00 of the $5,000.00 Ozzie's billed to IMSG with Invoice Number SI310999.[115]

---

[111] APP 040, Argue Aff. at ¶ 109.
[112] APP 040, Argue Aff. at ¶ 110.
[113] APP 040 – APP 041, Argue Aff. at ¶ 111.
[114] APP 041, Argue Aff. at ¶ 112.
[115] APP 041, Argue Aff. at ¶ 113.

130.    With Invoice Number SI311002, dated January 15, 2021, attached hereto as **Exhibit A-62** (APP 255), Ozzie's billed IMSG $2,041.67.00 for IMSG's one-day rental of an Allu DL2-12TS padding bucket.  IMSG failed to pay $2,041.67 of the $2,041.67 Ozzie's billed to IMSG with Invoice Number SI311002.[116]

131.    With Invoice Number SI311026, dated February 1, 2021, attached hereto as **Exhibit A-63** (APP 257), Ozzie's billed IMSG $3,500.00 for IMSG's rental of an Allu DL2-12TS padding bucket. IMSG failed to pay $3,500.00 of the $3,500.00 Ozzie's billed to IMSG with Invoice Number SI311026.[117]

132.    With Invoice Number SI311086, dated March 4, 2021, attached hereto as **Exhibit A-64** (APP 259), Ozzie's billed IMSG $583.33 for IMSG's one-day rental of an Allu DL2-12TS padding bucket.  IMSG failed to pay $583.33 of the $583.33 Ozzie's billed to IMSG with Invoice Number SI311086.[118]

133.    With Invoice Number SI311109, dated March 4, 2021, attached hereto as **Exhibit A-65** (APP 261), Ozzie's billed IMSG $2,500.00 for the demobilization of an Allu DL2-12TS padding bucket rented by IMSG.  IMSG failed to pay $2,500.00 of the $2,500.00 Ozzie's billed to IMSG with Invoice Number SI311086.[119]

134.    With Invoice Number SI311025, dated February 1, 2021, attached hereto as **Exhibit A-67** (APP 274), Ozzie's billed IMSG $3,500.00 for IMSG's rental of an Allu DL2-12TS padding bucket.  IMSG failed to pay $1,166.67 of the $3,500.00 Ozzie's billed to IMSG with Invoice Number SI311025.[120]

---

[116] APP 041, Argue Aff. at ¶ 114.
[117] APP 041, Argue Aff. at ¶ 115.
[118] APP 041, Argue Aff. at ¶ 116.
[119] APP 042, Argue Aff. at ¶ 117.
[120] APP 042, Argue Aff. at ¶ 118.

135.    With Invoice Number SI311085, dated March 4, 2021, attached hereto as **Exhibit A-68** (APP 276),Ozzie's billed IMSG $583.33 for IMSG's four-day rental of an Allu DL2-12TS padding bucket.  IMSG failed to pay $583.33 of the $583.33 Ozzie's billed to IMSG with Invoice Number SI311085.[121]

136.    With Invoice Number SI311108, dated March 4, 2021, attached hereto as **Exhibit A-69** (APP 278), Ozzie's billed IMSG $2,500.00 for the demobilization of an Allu DL2-12TS padding bucket rented by IMSG.  IMSG failed to pay $2,500.00 of the $2,500.00 Ozzie's billed to IMSG with Invoice Number SI311108.[122]

137.    Despite Ozzie's repeated attempts to obtain the outstanding amounts IMSG owes Ozzie's, as set forth above, IMSG has refused to pay Ozzie's.  All of the amounts Ozzie's charged IMSG were reasonable under the circumstances.  Hence, Ozzie's is entitled to recover all of the $509,696.42 (which includes interest through May 31, 2021) that IMSG owes Ozzie's, as summarized on **Exhibit A-71** (APP 285 – APP 287), plus additional interest which continues to accrue, plus all attorneys' fees, costs, and expenses Ozzie's incurs in this civil action, pursuant to applicable Arizona law, as stated in the Rental Contracts.  *See, e.g.*, **Exhibit A-1** at 9, Art. XIII (APP 055); **Exhibit A-10** at 9, Art. XIII (APP 087); **Exhibit A-11** at 9, Art. XIII (APP 098); **Exhibit A-19** at 9, Art. XIII; **Exhibit A-28** at 9, Art. XIII; **Exhibit A-33** at 9, Art. XIII; **Exhibit A-47** at 9, Art. XIII (APP 123); **Exhibit A-52** at 9, Art. XIII (APP 225); **Exhibit A-60** at 9, Art. XIII (APP 250); and **Exhibit A-66** at 9, Art. XIII (APP 271).[123]

---

[121] APP 042, Argue Aff. at ¶ 119.
[122] APP 042, Argue Aff. at ¶ 120.
[123] APP 042 – APP 043, Argue Aff. at ¶ 121.

## C.    COUNT 3:  UNJUST ENRICHMENT

138.    Ozzie's re-alleges and incorporates by reference all facts and allegations set forth above as though they were fully set forth herein.

139.    Additionally and alternatively, Ozzie's seeks recovery from IMSG under the doctrine of unjust enrichment.  IMSG obtained a benefit from Ozzie's by taking undue advantage of Ozzie's.  IMSG has been enriched by accepting and using Ozzie's goods, materials, and services, but IMSG has failed to pay Ozzie's the amounts due and owed.  IMSG's enrichment resulted in a corresponding impoverishment and detriment to Ozzie's.  As set forth in **Exhibit A** and **Exhibits A-1 through A-69** (APP 046 – APP 278) and summarized on **Exhibit A-71** (APP 285 – APP 287) attached hereto, Ozzie's provided goods, materials, and services with a value of $509,696.42 to IMSG (which includes interest through May 31, 2021), plus additional interest. There is no justification for IMSG failing to pay Ozzie's after being enriched by Ozzie's providing valuable goods, materials, and services.  Therefore, it is unconscionable for IMSG to retain such benefit, which was obtained unjustly, and not pay Ozzie's.  As a result of IMSG's wrongful conduct, Ozzie's has been damaged and is entitled to recover all amounts due and owing by IMSG as summarized on **Exhibit A-71** (APP 285 – APP 287) plus additional interest, plus attorneys' fees and costs, per applicable law.[124]

## D.    COUNT 4:  QUANTUM MERUIT

140.    Ozzie's re-alleges and incorporates by reference all facts and allegations set forth above as though they were fully set forth herein.

141.    Alternatively, Ozzie's seeks recovery from IMSG under the equitable theory of quantum meruit.  Ozzie's provided IMSG with valuable goods, materials, and services, which

---

[124] APP 043, Argue Aff. at ¶ 122.

IMSG accepted and enjoyed without compensating Ozzie's.  As set forth in **Exhibit A** (APP 001 – APP 045) and **Exhibits A-1 through A-69** (APP 046 – APP 278) and summarized on **Exhibits A-71** (APP 285 – APP 287) attached hereto, Ozzie's provided goods, materials, and services with a value of $509,696.42.  IMSG was reasonably notified (by, among other things, Ozzie's sending invoices to IMSG, and Ozzie's providing IMSG with the valuable goods, materials, and services) that Ozzie's expected to be compensated by IMSG for the valuable goods, materials, and services that Ozzie's provided to IMSG.  Accordingly, non-payment by IMSG would result in unjust enrichment to IMSG for the valuable goods, materials, and services that Ozzie's provided to IMSG.  Therefore, Ozzie's is entitled to the reasonable value of the goods, materials, and services Ozzie's provided to IMSG at the time Ozzie's provided them to IMSG, which now totals $509,696.42 (which includes interest through May 31, 2021), plus additional interest.  As a result of IMSG's wrongful conduct, Ozzie's has been damaged and is entitled to recover all amounts due and owing by IMSG as summarized on **Exhibit A-71** (APP 285 – APP 287), plus additional interest, plus attorneys' fees and costs, per applicable law.[125]

## VIII.   ATTORNEYS' FEES AND COSTS

142.   Ozzie's re-alleges and incorporates by reference all facts and allegations set forth above as though they were fully set forth herein.

143.   IMSG's wrongful actions, as set forth above, have compelled Ozzie's to employ the services of HALLETT & PERRIN, P.C. and STOEL RIVES, LLP to protect Ozzie's rights in this lawsuit.  Pursuant to Sections 12-341, 12-341.01, 12-341.02, 12-342 of the Arizona Revised Statutes, Arizona case law, and the terms of the Rental Contracts, Ozzie's is entitled to recover from IMSG all reasonable and necessary attorneys' fees, costs, and expenses Ozzie's incurs in this

---

[125] APP 043 – APP 044, Argue Aff. at ¶ 123.

civil action in addition to all amounts recoverable under the claims and causes of action Ozzie's has asserted herein by reason of the foregoing circumstances as well as all reasonable and necessary additional attorneys' fees, costs, and expenses if there is an appeal to the United States Court of Appeals and to the Supreme Court of the United States.

## IX.  PRAYER

Therefore, Ozzie's respectfully prays and requests that IMSG be cited to appear and answer in this lawsuit, and, upon final trial, that the Court:

(1)  enter judgment against IMSG in Ozzie's favor;

(2)  award Ozzie's actual damages against IMSG;

(3)  award Ozzie's the maximum pre- and post-judgment interest against IMSG;

(4)  award Ozzie's all reasonable and necessary attorneys' fees, costs, and expenses Ozzie's incurs in this civil action, including without limitation all attorneys' fees, costs, and expenses if there is an appeal to the United States Court of Appeals and to the Supreme Court of the United States; and

(5)  award Ozzie's all such other and further relief, both special and general, at law and in equity, to which the Court determines Ozzie's is justly entitled.

DATED:  June 2, 2021.

STOEL RIVES LLP


/s/ Elijah M. Watkins
Elijah M. Watkins
Andrea Carone


HALLETT & PERRIN, P.C.


/s/ Tom M. Dees, III
Tom M. Dees, III (*pro hac vice pending*)
Katrisha L. Shirley (*pro hac vice pending*)

Attorneys for Plaintiff