UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OZZIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>IM SERVICES GROUP, LLC,<br><br>Defendant. | Case No. 1:21-cv-00239-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant IM Services Group, LLC's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment (Dkt. 28). For the reasons explained below, the Court will grant the motion, though it will reprimand defendant for its eleventh-hour filing.

# DISCUSSION

Plaintiff Ozzies, Inc. sued IM Services Group on June 2, 2021 and filed a first amended complaint on August 19, 2021. After failing to timely respond to the initial complaint, Ozzies answered the amended complaint on August 27, 2021. This Court entered a scheduling order shortly thereafter, which established a May 6, 2022 deadline for filing dispositive motions.

Ozzies filed a motion for summary judgment on October 19, 2021 – well in advance of that May 2022 deadline. IM Services' deadline to respond to the motion for summary judgment was November 19, 2021. IM Services didn't file a substantive response, however. Instead, on November 19 – the day the substantive response was due – IM Services came winging in with a request for a three-week extension, meaning its response would be due on December 10, 2021. Ozzies says defense counsel didn't even reach out to its attorneys first – to see if Ozzies would stipulate to an extension.

Ozzies opposes the requested extension – pointing out that IM Services has already let other deadlines slip by in this litigation.  Ozzies does say it would have agreed to a one-week extension, but it says three weeks is unnecessary.

The Court understands Ozzies' frustration. Rules and deadlines need to have teeth or they become meaningless. Plus, defense counsel shouldn't have waited until the very last minute to ask for extra time – especially as they didn't even bother to reach out to opposing counsel first. The resultant filing – that November 19 motion for an extension – is disrespectful to plaintiff, to the Court, and to other litigants. The late filer in these sorts of situations ends up creating a mini-emergency for the Court through its procrastination. The Court is suddenly faced with a motion that needs an immediate ruling (that November 19 deadline is just

MEMORANDUM DECISION AND ORDER - 2

hours from passing, after all), so all other litigants before the Court are forced to take a back seat while the Court drops its other work to attend to this completely avoidable emergency.

Despite its frustration, the Court will grant the requested extension. Although the legal theories in this lawsuit are relatively straightforward (breach of contract and related claims), the facts appear complex. The complaint is 58 pages long and is accompanied by approximately 300 pages of exhibits. Similarly, the motion for summary judgment involves over 300 pages' worth of evidentiary materials, in addition to the briefing. Plus, the defendant has adequately explained that it needs additional time to prepare its response.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment (Dkt. 28) is **GRANTED.** Defendant shall file its response to the pending Motion for Summary Judgment on or before **December 10, 2021.**



DATED: December 6, 2021

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3